Commonwealth, Appellant *v.* Horner.

Argued April 25, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James D. Crawford,* Deputy District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellee.

OPINION BY MR. JUSTICE MANDERINO, November 20, 1972:

The appellee, Felix Wade Horner, has moved to quash an appeal by the Commonwealth which was not filed within 30 days of the lower court's final order granting a new trial to the appellee, who had filed a PCHA petition. Appellee had been convicted of first degree murder and was serving a life sentence.

On September 30, 1971, the lower court filed an opinion and order granting a new trial. The order was dated September 30, 1971, the same day the opinion and order were filed. The order was signed by two of the three judges who heard Horner's PCHA petition. The order filed also contained an indication that the third judge dissented.

On October 15, 1971, or shortly thereafter, the Commonwealth was served with a copy of the lower court's majority opinion and a copy of the dissenting opinion. Both the majority and dissenting opinions received by the Commonwealth were dated October 14, 1971. This date appeared as part of the order at the end of the majority opinion and also appeared at the end of the dissenting opinion. The order read "And now to wit, this 14th day of October, 1971, defendant's motion for new trial is hereby granted."

Prior to receiving the above-described copies of the majority opinion and order and the dissenting opinion, the Commonwealth had not received any notice of the filing which had taken place on September 30, 1971.

The Commonwealth, relying on the date in the order received, concluded that the 30-day appeal period began on October 14, 1971 and filed its appeal on November 10, 1971, which was less than 30 days after October 14,

1971. There is no explanation for the difference in dates between the original order and the copy of the order received by the Commonwealth from court offices.

The time for taking an appeal cannot be extended as a matter of grace. *Commonwealth v. Bey,* 437 Pa. 134, 262 A. 2d 144 (1970). The time for appeal can be extended only when there is fraud or some breakdown in the court's operation. *Purdy Estate,* 447 Pa. 439, 291 A. 2d 93 (1972); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938).

In both *Purdy* and *Nixon* counsel had not received customary notices from the court offices that orders had been entered. Relief was granted even though the appeal period, computed from the date of the orders, had passed.

In this case, the breakdown in the court's operation was not in the failure to serve notice, but the serving of an inaccurate notice in that the opinion and order served on the Commonwealth were dated differently than the original.

An inaccurate notice is as misleading to counsel as lack of notice. Both occur because of a breakdown in court offices. Counsel is entitled to rely on the accuracy of an order received from a court office. In substance the principle of *Purdy* and *Nixon* is applicable and the Commonwealth's appeal must be allowed.

The appellee, however, argues that the Commonwealth should have deduced, from other evidence known to the Commonwealth, that the dated order received was inaccurate. Primarily this argument is based on a form notice received by the Commonwealth which accompanied the majority and dissenting opinions. The form contained notice of a trial listing for this case on November 8, 1971. Since trial listings customarily are scheduled on a date after the time for appeal has passed, the appellee argues that the Commonwealth

should have known that the appeal period would expire prior to the trial listing on November 8. The appellee also points out that the Commonwealth would have known of the accurate date on the lower court's order if the Commonwealth had checked the docket entries prior to filing its appeal on November 10, 1971.

We think, however, that it is not unreasonable for counsel to rely on the date contained in the order served. Deductions and inferences from various sources are more easily made with the benefit of hindsight. Counsel should be able to rely on the accuracy of a dated order received from a court office, unless the order's inaccuracy would be more obvious than in this case.

The defendant's motion to quash is denied and the Commonwealth's appeal is allowed nunc pro tunc.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.