397 A.2d 1212

**COMMONWEALTH of Pennsylvania**

v.

**Gary Lee KLARIC, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided Feb. 15, 1979.

Ross E. Cardas, Mercer, for appellant.

Charles W. Johns, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Appellant contends that the trial court erred in denying his PCHA petition following a hearing. He alleges (1) that his trial counsel was ineffective for failing to move to suppress identification testimony given by three Commonwealth witnesses; and (2) that his conviction for aggravated assault and battery [1] had merged in the conviction for rob-

1. Act of June 24, 1939, P.L. 872, § 705, 18 P.S. § 4705.

bery by violence,[2] and the two convictions, even though petitioner had been sentenced on the robbery conviction alone, constituted a violation of the double jeopardy provisions of the United States and Pennsylvania Constitutions. Because the first issue lacks merit and the second issue has been v aived, we will affirm the order denying relief.

Charges of robbery and aggravated assault and battery were contained in complaints filed against the appellant, Gary Lee Klaric, on September 11, 1972. The trial court found as a fact that between his arrest the same day and the preliminary hearing on November 11, 1972, there had been no confrontation between appellant and Commonwealth witnesses. In order to prevent such a confrontation prior to the preliminary hearing, defense counsel arranged to transport appellant to the preliminary hearing in counsel's vehicle. Counsel's efforts were successful. Upon arrival at the hearing, counsel arranged for appellant to be seated in the first row of the hearing beside his brother. A pre-hearing motion for a lineup was made but denied by the magistrate. A motion to sequester the Commonwealth's witnesses, however, was granted. Despite sequestration of witnesses and despite the hearing room lineup arranged by defense counsel, the Commonwealth's witnesses unhesitatingly picked out and identified appellant as the robber. Mary McCann, the brutally beaten victim, David Warner, a passerby, and Edward Patrick, a tavern owner who was acquainted with appellant,[3] gave identification testimony that was positive and unequivocal.

Thereafter, appellant's trial counsel, although he filed a pre-trial suppression motion, did not seek to suppress the Commonwealth's identification testimony. At trial, the witnesses again identified appellant positively as the robber. Despite counsel's vigorous cross-examination of the Commonwealth's witnesses, they were not shaken. Their testi-

---

2. Act of June 24, 1939, P.L. 872, § 709, 18 P.S. § 4709.

3. Patrick knew appellant so well that following the robbery, he not only described the robber for the police but gave police the name of the robber as well.

mony was accepted by the jury, and appellant was convicted.[4]

Appellant's averment of ineffectiveness of counsel is based on hindsight. He charges that his trial counsel should have requested another pre-trial lineup after the case had been returned to court. In the alternative, he suggests that counsel should have moved to suppress in-court identification testimony because of the magistrate's denial of his pre-trial request for a lineup. In making this charge he relies on the opinion of this Court in *Commonwealth v. Sexton*, 246 Pa.Super. 30, 369 A.2d 794 (1977), which held a denial of a request for a pre-trial lineup under the circumstances of that case to be an abuse of discretion. Not only did appellant's trial counsel not have the benefit of the *Sexton* decision in 1972, but the facts in that case are vastly different than those of the instant case. Specifically, the denial of a request for a pre-trial lineup in *Sexton* was held to be an abuse of discretion because of a one-on-one confrontation occurring at a hearing to certify the accused, a juvenile, for trial as an adult. In the instant case, there was never a one-on-one confrontation between appellant and identification witnesses. Not only did appellant sit among the spectators at his preliminary hearing but his counsel also directed him to sit beside his brother. By this means counsel was himself able to create a lineup to test the accuracy and credibility of the witness' identification testimony.

The often repeated test for determining ineffective assistance of counsel claims appears in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), as follows:

> "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not*

---

4. On direct appeal, the conviction was affirmed. *Commonwealth v. Klaric*, 233 Pa.Super. 746, 339 A.2d 807 (1975). Allocatur was denied.

whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

It is equally well established that claims of ineffective assistance of counsel on the ground that counsel failed to make a motion to suppress will be rejected where such a motion would have been fruitless. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977); *Commonwealth v. Fisher*, 244 Pa.Super. 309, 368 A.2d 736 (1976); *Commonwealth v. Hill*, 231 Pa.Super. 371, 331 A.2d 777 (1974).

In the instant case, it was appellant who had the burden of proving that trial counsel was ineffective. *Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 395 A.2d 1376 (1978); *Commonwealth v. Barnes*, 248 Pa.Super. 579, 375 A.2d 392 (1977). This burden he failed to carry. After denial of a motion for a lineup, counsel had contrived to arrange his own lineup and thereby test the Commonwealth's identification witnesses. It is difficult to comprehend appellant's attack on this ingenuity of his counsel. When the witnesses' identification proved to be positive and unhesitating, counsel determined that their testimony was not based on suggestive or other improper police practices and concluded that a motion to suppress would be unavailing. He also concluded that a subsequent lineup would merely serve to cement the identification testimony of Commonwealth witnesses and make effective cross-examination more difficult at trial. These obviously were not the decisions of a novice or an ineffective trial counsel and most certainly were calculated to further the interests of appellant. Appellant's claim of ineffective assistance of counsel, therefore, will be rejected.

Appellant next asks that his conviction for aggravated assault and battery be set aside because, being an essential

element of the crime of robbery by violence, it merged in the robbery conviction. A merger of offenses was found to exist by the trial judge at the time of sentencing, and for that reason he imposed no sentence on the conviction for aggravated assault and battery. Post trial motions which alleged twenty-three trial errors did not complain of two convictions or refer to the issue of merger or double jeopardy. These issues also were not raised in appellant's direct appeal to this Court. Appellant does not contend that his trial or appellate counsel was ineffective for failing to raise these issues.

In the absence of extraordinary circumstances, which appellant has neither alleged nor proved, he will be held to have waived these issues by failing to raise them in post trial motions and on direct appeal. *Commonwealth v. Sweitzer*, supra; *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Phillips*, 248 Pa.Super. 400, 375 A.2d 158 (1977); *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A.2d 722 (1975); *Commonwealth v. Abruzzese*, 231 Pa.Super. 157, 331 A.2d 821 (1974). Appellant's challenge is to the duplicity of convictions rather than to the lawfulness of the sentence imposed. Although the latter is a non-waivable issue, *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), it is clear that challenges to duplicity of convictions can be waived. *Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792 (1972).

While the question of waiver has not been raised by the Commonwealth's brief, this Court may do it sua sponte. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975); *Commonwealth v. Hines*, 461 Pa. 271, 336 A.2d 280 (1975).

The order is affirmed.

CERCONE, P. J., concurs in the result.