431 A.2d 941

**COMMONWEALTH of Pennsylvania**

v.

**Lynn Edward JUMPER, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 21, 1981.

Decided July 8, 1981.

J. Wesley Oler, Jr., Asst. Public Defender, Cumberland, for appellant.

Kevin A. Hess, Asst. Dist. Atty., Cumberland, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant Lynn Edward Jumper was tried before a jury in the Court of Common Pleas of Cumberland County and convicted of murder of the third degree on May 10, 1978. He appeared in court with his attorney to waive post-verdict motions and thereafter was sentenced to the maximum term of imprisonment of ten to twenty years. No direct appeal was taken from the conviction or the sentence.

In June 1979 appellant filed a *pro se* petition for relief under the Post Conviction Hearing Act (PCHA).[1] The Cumberland County Public Defender's Office was subsequently appointed by the court, and an amended PCHA petition was filed on August 10, 1979. In the PCHA petition, appellant alleged that his pre-trial motions and the right to appeal were not knowingly and intelligently waived and that the representation of trial counsel was ineffective in several regards.

After an evidentiary hearing, at which both appellant and his trial counsel testified, the PCHA court concluded that appellant's allegations were without merit. From this denial appellant appeals to us, raising five alleged examples of ineffectiveness of trial counsel and raising the issue of the voluntariness of his waiver of post-trial motions and of his right to appeal.

The right to collateral relief is precluded where the complaint sought to be raised by a petitioner has either been waived or finally litigated. Section 3(d) of the PCHA, 19 P.S. § 1180–3(d) (February 1981 Supp.); *Commonwealth v. Fernandez*, 487 Pa. 493, 410 A.2d 296 (1979); *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). Thus if it is asserted that there has been an effective waiver of the right to file post-trial motions or of the right of appeal, a consider-

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq. as amended,* 19 P.S. § 1180–1 *et seq.*, repealed by Section 2(a) [1937] of the Act of April 28, 1978, P.L. 202, No. 53, repeal effective June 27, 1980, as amended by Section 1 of the Act of June 26, 1980, P.L. 265, No. 77, § 2, delaying repeal until June 27, 1981.

ation of subsequently raised substantive complaints will not be permitted until the question of waiver is first resolved. If there has been a waiver of those rights, the review process is terminated and subsequent complaints will not be entertained.

■ The question of ineffectiveness of counsel is not necessarily foreign to the issue of the waiver of appeal. If it can be demonstrated that counsel's ineffectiveness prevented a knowing or intelligent waiver of the right of appeal then the ineffectiveness of counsel is clearly germane to the waiver of appeal question. *Commonwealth ex. rel. Robinson v. Myers*, 427 Pa. 104, 233 A.2d 220 (1967). If the alleged ineffectiveness is not related to the decision to waive the appeal, such a claim will not be considered once it is established that there has been an effective waiver. *Commonwealth v. Johnson*, 489 Pa. 129, 413 A.2d 1047 (1980); *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980).

As to the waiver of post-trial motions, appellant contends that this waiver was not knowing and intelligent because of the trial court's failure to comply with Pa.R.Crim.P. 1123(c). Rule 1123(c), promulgated by this Court to insure that defendants are informed of their right to file post-trial motions and of the effect of waiving such right, provides:

Upon the finding of quilt, the trial judge shall advise the defendant on the record: (1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that any of the grounds contained in such motions may be raised on appeal.

■ The trial record demonstrates that on May 10, 1978, following the verdict, appellant was advised by the trial court:

THE COURT: Now, Mr. Jumper, the jury has found you guilty of murder in the third degree. You have a right to file post-trial motions. Those motions have to be filed within ten days or the right to file them will be gone. If

you file a motion for new trial then you must set forth in that motion all reasons that you have for requesting a new trial or the reason will be deemed waived. You understand that?

MR. JUMPER: Yes, sir.

THE COURT: Mr. Fowler has been appointed as court-appointed counsel to represent you and his services will be available to you in the event you desire to file any post-trial motions. Do you understand that?

MR. JUMPER: Yes, sir.

On May 19, 1978, appellant represented by trial counsel appeared before the court to formally waive his right to post-trial motions. The following colloquy occurred:

MR. FOWLER: (Defense Counsel) May it please the court, I have had an opportunity to review in detail with Mr. Jumper his right to file post-verdict motions and he heard your instructions to him after the verdict came in as to his various rights, and at this point we would like to indicate to the court that Mr. Jumper does not desire to file any post-trial motions.

THE COURT: Mr. Jumper, we told you the day of the verdict that you had the right to file post-trial motions and that you had the services of Mr. Fowler free of charge available to you to file those motions. Do you realize that if you don't file these motions then anything that you do later, or desire to do, will very seriously restrict your areas of review in that you could not subsequently raise any question as to something that happened at the trial? Do you understand that?

MR. JUMPER: Yes, sir.

THE COURT: And in giving up your right to appeal you realize that if you did appeal and a new trial were awarded, you still could not be convicted of anything higher than third degree murder?

MR. JUMPER: Yes, sir, I understand that.

THE COURT: Do you feel that you have fully discussed this matter with Mr. Fowler before you reached the conclusion?

MR. JUMPER: Yes, sir.

THE COURT: Is there anything that you would like to question of me concerning any of your rights or concerning the trial at all?

MR. JUMPER: No, sir.

THE COURT: Well, then, we will direct that a pre-sentence investigation be conducted as part of the sentencing procedure.

Appellant now claims the explanation given by the trial court "could have been stated more succinctly and with greater clarity to a defendant who was unfamiliar with the workings of the criminal system." The on-the-record admonitions viewed as a whole meet the requirements of Rule 1123(c) and do not support appellant's contention that he did not comprehend the meaning of the waiver. Appellant was adequately informed of his post-verdict rights and of the necessity of filing post-trial motions to preserve issues for appeal.

The trial court further informed him that in the event he pursued his right to appeal he could not be convicted of anything higher than murder of the third degree. He was made aware that Mr. Fowler, who had been appointed for appellant by the Commonwealth, would continue to represent him. The trial court questioned appellant on the voluntary and knowing character of his waiver, and appellant explicitly indicated that he had discussed the matter with his trial counsel and that he had no questions as to his legal rights. In light of the foregoing, we are convinced that appellant was well aware of his right to file post-trial motions and of the consequences which would result from a failure to do so. His waiver was knowingly and intelligently given, with a full consideration of the consequences, and there is no basis in this regard for affording the relief requested.

■ In addition to being satisfied that appellant was fully informed of the consequences of his failure to file post-trial

motions and to take an appeal, we are also satisfied that there was nothing in counsel's representation which would have misled appellant into making a judgment in this regard. The instant complaints relate to (1) failure of trial counsel to seek resentence because the trial court did not adequately state its reasons for the sentence imposed; (2) failure of trial counsel to request a jury charge on the voluntariness of statements appellant made at the time of his arrest; (3) failure of trial counsel to request that the trial court specifically instruct the jury on the jury's power to return a verdict of manslaughter; (4) failure of trial counsel to object to the trial court's use of the "but for" test of causation and (5) failure of trial counsel to preserve suppression issue following an adverse ruling by the suppression court.

After review, we are satisfied that these complaints are without merit. Thus there is nothing on the record to contradict trial counsel's statement to appellant that he did not believe there were any trial errors that would have warranted the grant of a new trial. Accordingly, we are satisfied that the record shows an effective waiver of the appellate rights and further review at this point will not be entertained.

Order affirmed.