436 A.2d 1217

**COMMONWEALTH of Pennsylvania,**

v.

**Robert HARPER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Nov. 13, 1981.

194

Brian S. Quinn, Havertown, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas, Delaware County, denying relief on a counseled Post Conviction Hearing Act [1] (PCHA) petition filed by appellant, Robert Harper.

On April 14, 1978, after trial before a jury, appellant was convicted of several counts of forgery, attempted forgery, and receiving stolen property. At trial, appellant was represented by a member of the public defender's office (first counsel). No post-verdict motions were filed,[2] and, following a hearing on appellant's petition to file post-verdict motions *nunc pro tunc*, the petition was denied. New, private counsel (second counsel), aided appellant both in the preparation of the petition and at the hearing. At sentencing, appellant, again represented by another private attorney (third counsel/post-trial counsel), was sentenced to serve a term of imprisonment of six to twelve years. No direct appeal was taken.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq.*

2. On the tenth day following the verdict, appellant filed a *pro se* PCHA petition alleging, *inter alia*, that he was denied effective assistance of counsel. The trial court dismissed the petition as being premature, appointed new, private counsel to represent appellant, and granted appellant ten days to petition for leave to file post-verdict motions *nunc pro tunc*.

■ On February 8, 1979, appellant filed a *pro se* PCHA petition. An amended petition was filed by new, private counsel (fourth counsel) on May 24, 1979.[3] A hearing was held and the petition was denied on August 6, 1979. This appeal followed. On appeal, appellant is represented by fifth counsel, who is a private attorney.

Instantly, appellant argues that: (1) trial counsel was ineffective for failing to object to the admission of evidence that had been ordered suppressed; and for abandoning him at the post-verdict motions stage; (2) the lower court erred in denying appellant's petition to file post-verdict motions *nunc pro tunc* thereby denying his right to appeal; and (3) appellant was denied the right to be provided with free transcripts.

For the following reasons, we affirm the order of the lower court.

■ It is well settled that a criminal defendant who deliberately and knowingly chooses to bypass orderly state procedures afforded for challenging his conviction is bound by the consequences of that decision. *Commonwealth v. Myers*, 427 Pa. 104, 233 A.2d 220 (1967); *Commonwealth v. Mika*, 277 Pa.Super. 339, 419 A.2d 1172 (1980). In Pennsylvania, our Post Conviction Hearing Act precludes one from

**3.** The petition, with amendments, raised the following claims: (1) ineffective assistance of pre-trial and trial counsel for failing to procure the services of an expert witness; (2) ineffective assistance of trial counsel for failing to object to indirect in-court identification of appellant by Commonwealth witnesses, in disregard of a suppression order with respect to all identification of appellant; (3) the right to court appointed counsel independent of the public defender's office because of hostility between appellant and members of that office; (4) ineffective assistance of counsel in failing to adequately consult with and prepare appellant for trial; (5) the unconstitutional use of suppressed evidence at trial; (6) recording of an incorrect sentence by the Department of Justice, Bureau of Correction; (7) denial of the right to counsel at the preliminary hearing; (8) denial of the right to raise the issue of ineffective assistance of counsel at the appellate level because of sentencing counsel's failure to appeal the judgment of sentence.

We will not now consider any of the above contentions that appellant has failed to address in his brief before this court. Pa.R. App.P. 2116.

obtaining collateral relief where the issues raised either have been waived or finally litigated. *Commonwealth v. Jumper*, 494 Pa. 451, 431 A.2d 941 (1981). An issue is waived when:

(1) the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. 19 Pa.C.S.A. § 1180–4(b) (Supp. Pamphlet 1965–1980).

Moreover,

*There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. Id.* § 1180–4(c) (emphasis added).

 Instantly, appellant failed to take a direct appeal from the judgment of sentence. Hence, his failure to appeal constitutes a waiver[4] since the issues appellant raises before us were cognizable at that stage.[5] *See Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Lochman*, 265 Pa.Super. 429, 402 A.2d 513 (1979).

4. While the question of waiver has not been raised by either party, this court may raise it *sua sponte. Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979).

5. In one of several *pro se* briefs filed in the instant appeal, appellant also contends, for the first time, that the informations were invalid because they contained a rubber stamp facsimile of the signature of the District Attorney. While we note that the use of a rubber stamp facsimile has been held not to meet the requirement that an information be "signed by the attorney for the Commonwealth," *see Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981); under the state of the present law, appellant's failure to file a pretrial motion to quash the information constitutes a waiver of his right to assert this impropriety in any subsequent proceeding. Pa.R.Crim.P. 306(e). *See Commonwealth v. Williams*, 252 Pa.Super. 587, 384 A.2d 935 (1978). In any event, appellant did not raise this issue in his Post Conviction Hearing Act petition, or in his amended petition thereto, and therefore, it is not preserved for review. *See Commonwealth v. Carrier*, 494 Pa. 305, 431 A.2d 271 (1981). *See generally Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ In certain situations, the ineffectiveness of counsel has been held to be an "extraordinary circumstance" excusing one's failure to raise the claim at the first opportunity. *Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979). Here, however, this court is not confronted with such an issue because trial counsel's ineffectiveness could have been raised by a different attorney, post-trial counsel, on direct appeal. *See Commonwealth v. Lochman*, 265 Pa. Super. 429, 434, 402 A.2d 513, 516 (1979). Moreover, we have said that:

> [w]here an appellant is represented by different post-trial counsel, and said appellant either fails to take a direct appeal or fails to raise his claims of trial counsel's ineffectiveness on direct appeal, such a failure will constitute a waiver of these issues as to post-conviction proceedings, excepting only those claims which fit under one or more of the four categories listed in *Dancer*.* *Commonwealth v. Glasco*, 241 Pa.Super. 484, 497, 362 A.2d 420, 427 (1976).

---

* "Our Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may only be raised in PCHA proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness, 2) where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record, 3) where the petitioner is able to prove the existence of other 'extraordinary circumstances' justifying his failure to raise the issue, Post Conviction Hearing Act § 4(b)(2), 19 P.S. § 118–4(b)(2) (Supp.1974) or 4) where the petitioner rebuts the presumption of 'knowing and understanding failure.' Post Conviction Hearing Act § 4(c), 19 P.S. § 1180–4(c) (Supp.1974)." *Commonwealth v. Dancer*, 460 Pa. 95, 100, 331 A.2d 435, 438 (1975).

Appellant does attempt to set forth in his brief and extraordinary circumstance excusing his failure to file an appeal. He frames the issue as follows:

> "[i]t cannot be assumed that the failure of counsel to preserve issues for appeal or to file post verdict motions in this case constituted a 'knowing and intelligent' waiver of Appellant's right to appeal." (Supplemental Brief for Appellant In Forma Pauperis at 8).

Again, however, appellant's claim is waived because "the earliest stage in the proceedings at which the counsel whose ineffectiveness is being challenged no longer represente[d] the [appellant]" was at the post-trial stage. As a result,

"[i]t follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial counsel as a ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review." *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977).

Thus, in the case before us, there does not exist any other "extraordinary circumstances" which could have justified his failure to raise the issue of trial counsel's competency. *See Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Klaric, supra.* Accordingly, appellant is not entitled to relief.

While the claims in question have been waived, we nevertheless have examined, in the interests of judicial economy, appellant's contentions and find them utterly devoid of merit.

First, appellant inartfully argues that trial counsel was ineffective for failing to object to the witness's reference when he described the perpetrator of the crimes as a male. According to appellant, this reference "had the effect of identification . . . of [appellant] as the person who committed the alleged crimes" and therefore was an impermissible reference to the identification testimony which had been ordered suppressed. (Supplemental Brief for Appellant In Forma Pauperis at 7). This contention is totally unfounded.

The trial transcript directly contradicts appellant's allegation. Trial counsel did object to the prosecution witness's reference to the perpetrator of the crimes as male. When the objection was overruled, trial counsel requested and obtained a side-bar where he again objected to any characterization that the alleged forgerer was "male, female, or in any other way." (N.T. 4/12/78, pp. 50–51).

■ Second, appellant contends that trial counsel was ineffective for failing to file post-verdict motions because counsel had not "notified his client, [obtained] leave from the Court, or compl[ied] with the 'constitutionally mandated procedure for withdrawal.'" (Supplemental Brief for Appellant In Forma Pauperis at 7–8, citing *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974)). This contention is ludicrous. The trial court determined and the record reveals that appellant "was afforded counsel for the purpose of assisting him in the filing of post-trial motions and *he chose to refuse to cooperate with counsel.*" (Memorandum Opinion and Order on Petition to File Post-Verdict Motions Nunc Pro Tunc at 3, Record No. 18) (emphasis added). We now will not permit appellant to attack the stewardship of counsel when appellant "refuse[d] to cooperate" with counsel and so stated *on the record* that he did not intend to use counsel on appeal. (N.T. 4/14/78, p. 195).

■ Third, appellant argues that the lower court erred in dismissing his petition to file post-verdict motions *nunc pro tunc.* He contends that because he "[did] not 'knowingly and intelligently' waive his post-verdict and appellate rights, [the motions] must be heard *nunc pro tunc* if necessary." Supplemental Brief for Appellant In Forma Pauperis at 9). We disagree. While it is well-settled that an accused has an absolute right to appeal, Pa.Const.Art. V, § 9, and that issues not included in post-verdict motions are waived, Pa.R. Crim.P. 1123(b), it is equally settled that a defendant may waive his right to file post-verdict motions, *Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207 (1977). The record clearly indicates that appellant was fully apprised of his right to file post-verdict motions, his right to counsel, and of the need to strictly comply with the requirements of Pa.R.Crim.P. 1123. Nevertheless, appellant chose to take matters under his own advisement by filing a *pro se* PCHA petition, which was dismissed as being premature.[6] Appel-

6. We note that the trial court could have treated this *pro se* PCHA petition as being timely filed post-verdict motions. *See Commonwealth v. Gravely*, 486 Pa. 194, 196, 404 A.2d 1296, 1297 (1979). In

lant now would have us find that he was entitled, as a matter of right, to file post-verdict motions *nunc pro tunc.* This we will not do. The record establishes that the trial court complied with Rule 1123. Therefore, a "deliberate waiver of the right to file post-verdict motions is deemed to have been made." *Commonwealth v. Ramsey,* 259 Pa.Super. 240, 252, 393 A.2d 806, 813 (1978). Moreover, the transcript of the hearing on appellant's petition to file post-verdict motions *nunc pro tunc* amply supports the hearing court's conclusion "[that] the arguments raised by [appellant] as a basis for motions for a new trial . . . are patently without merit." (Memorandum Opinion and Order on Petition to File Post Verdict Motions Nunc Pro Tunc at 3, Record No. 18). The lower court, therefore, did not err in denying appellant's petition.

■ Finally, appellant contends that he was denied his right to be provided with free transcripts, thereby precluding him from effectively challenging the judgment of sentence. Although we agree that an indigent defendant does have a right to be provided with free transcripts, *Commonwealth v. Homsher,* 264 Pa.Super. 271, 399 A.2d 772 (1979), appellant's failure to obtain a transcript does not entitle him to relief in the instant appeal. First, appellant knowingly and voluntarily waived his rights to direct appeal. Second, we note that appellant did not request the documents nor present this issue before the post conviction hearing court. Appellant, therefore, may be deemed to have waived his right to be provided with free transcripts and his right to raise this issue in the instant appeal. *See e. g. Commonwealth v. Mitchell,* 474 Pa. 274, 383 A.2d 930 (1978).

The order of the PCHA court dismissing appellant's petition is affirmed.

JOHNSON, J., concurs in the result of this opinion.

any event, our examination of the claims raised therein reveals that they are devoid of merit.