455 A.2d 1210

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Jordan GREGORY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1982.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied Sept. 2, 1983.

530

Carmela R.M. Presogna, Assistant Public Defender, Erie, submitted a brief on behalf of appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

█ This is an appeal from judgment of sentence for robbery.[1] Appellant raises eleven issues on appeal. Three of them were not preserved through inclusion in the written

1. 18 Pa.C.S.A. § 3701.

post-verdict motions and are therefore waived on appeal.[2] *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Since the post-verdict motions were not timely filed we are unable to review all but one of the remaining claims of error presented. One issue, of ineffectiveness, is properly before this court. We find it to be a meritless claim. Hence, we affirm.

The verdict in this case was entered on April 15, 1981. Post-verdict motions were first filed on April 28, 1981, 13 days after the verdict.[3] Pennsylvania Rule of Criminal Procedure 1123(a) provides in part:

> Within ten (10) days after a finding of guilt, the defend-
> ant shall have the right to file written motions for a new
> trial and in arrest of judgment.

Despite the violation of this requirement, the trial court proceeded to address the issues raised by the motion on its merits.

The issue before us is this: When post-verdict motions have not been timely filed, and yet those motions were acted upon by the trial court on their merits, are the issues raised in those post-verdict motions preserved for appeal? We hold that they are not preserved but have been waived.

Research discloses no appellate court opinion in this Commonwealth entirely on point. Guidance can nonetheless be obtained from some case law.

In *Commonwealth v. Horner*, 449 Pa. 322, 296 A.2d 760 (1972), the Supreme Court of this Commonwealth treated a

---

**2.** These three issues are: (1) Whether the lower court erred when it failed to dismiss the case due to prosecutorial misconduct which occurred during the prolonged deliberation by the jury at appellant's first trial. (2) Whether appellant was denied due process of law when the authorities failed to arraign him before a magistrate within six hours of arrest. (3) Whether the appellant received proper *Miranda* warnings.

**3.** No request to file the motions *nunc pro tunc* was made, nor was such leave granted by the trial court.

The record also discloses the appellant was properly informed of the necessity for filing post-verdict motions and the period in which this must be done, and thus a waiver can be found. *Commonwealth v. Jumper*, 494 Pa. 451, 431 A.2d 941 (1981).

case involving a tardy filing of an appeal. Writing for the Court, the late Justice Manderino stated: "The time for taking an appeal cannot be extended as a matter of grace." *Commonwealth v. Horner,* supra, 449 Pa. at 324, 296 A.2d at 762.[4] We recognize that this statement was made in reference to the violation of a different rule than the one before us.[5] Nonetheless, the principle is applicable in the present context. This is particularly so when one considers that post-verdict motions are considered part of the appeals process in this state. *U.S. ex rel. Mandrier v. Hewitt,* 409 F.Supp. 38 (C.D.Pa., 1976).

Another Supreme Court case provides a situation analogous to the one before us. *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980). *Philpot* involved the same rule and the same section of that rule as was violated here [6]—but not the same provision. In *Philpot,* defendant violated the provisions of R. 1123(a) which require that issues be raised in a written post-verdict motion, and which restricts argument in the post-verdict hearing to those issues contained in the written post-verdict motion. Defendant filed no post-verdict motions, but argued issues orally which were then considered by the post-verdict court. The Supreme Court disapproved, stating: "The post-verdict court's violation of Rule 1123(a) and *Blair,* however, does not alter our conclusion that appellant's present contentions are not properly preserved." *Commonwealth v. Philpot,* supra, 491 Pa. at 600, 421 A.2d at 1047.

In *Commonwealth v. Blair,* cited in the above passage from *Philpot,* the Supreme Court wrote:

> The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial courts and appellate courts.

---

**4.** Two exceptions to this rule were noted: "fraud or some breakdown in the court's operation." Id.

**5.** Pa.R.A.P. 903.

**6.** Pa.R.Crim.P. 1123(a).

*Commonwealth v. Blair,* supra, 460 Pa. at 32 n. 1, 331 A.2d at 214 n. 1.

As in our consideration of *Horner,* above, we acknowledge that neither *Philpot* nor *Blair* are binding on the case before us. A different provision of R. 1123(a) was being treated in *Philpot* and in *Blair.* Here a violation of the time requirement is involved, not a violation of the requirement to file itself. We would be remiss, however, if we did not pay heed to the policy forcefully enunciated in these cases: R. 1123(a) must be complied with; and trial court indulgence of violations will not serve to insulate parties on appeal from the consequence of violations of the Rule. We see no convincing rationale for not applying that policy to the time requirement of R. 1123(a).

At least two Common Pleas decisions have found otherwise, holding that a violation of the time provision can be overlooked by the trial court.[7] In arriving at this conclusion, the trial court observed that if a waiver were found through delay in filing that:

> [the defendant] who faces the possible penalty of imprisonment; shall suffer for a default not of his own making and over which he had no control.

*Commonwealth v. Styer,* 17 Ches.Co.Rep. 218 at 219 (1969). See also, *Commonwealth v. Barker,* 14 Adams L.J. 111 (1972).

■ We must reject this line of reasoning. Criminal defendants are subject to the successes and failures of the efforts of their counsel. Even when, as the trial court found, "counsel's delay [is] inexcusably negligent in the extreme," *id.,* it is the client who bears the ultimate burden of his counsel's actions.[8] This is an inescapable attribute of

---

7. In both of these cases, cited infra, defendant at least requested leave to file the post-verdict motions *nunc pro tunc.* As has been observed, even this was not done in the case *sub judice.*

8. The proper forum for defendant's relief from his counsel's ineffectiveness is through the Post Conviction Hearing Act. The trial court in *Barker,* supra, rather candidly admitted that it was choosing to

our legal system. Counsel acts as an advocate for his client. Counsel's acts or omissions in his representation are welded to his client's case. To hold otherwise would work a forfeit of not only this, but all other procedural requirements.

The trial court in *Styer* found another rationale for allowing consideration of the tardily filed motions:

> The rights of the public will not be harmed if defendant's motion is heard on its merits; those of the defendant will be if. it is not.

*Id.*

This test is impractical. It would be difficult to conceive of a situation in which the defendant's interest in having the tardy post-verdict motion considered [9] would not outweigh the interests served by disallowing them from treatment on their merits. Under this test, the result would almost invariably be that tardy motions would be treated as if timely filed. The time requirement of R. 1123(a) would thus be rendered a functional nullity.

In any given individual case, it is incontestible that the most serious consequences attend the violation of procedural rules. This is in the nature of procedural rules and the sanctions for failure to comply with them. But other factors must be considered before adopting the test given in *Styer*.

The cumulative result of applying the weighing test suggested above would impair on the functioning of the courts.[10] Procedural time limits would become operational-

ignore counsel's tardiness in filing so as to prevent a later successful PCHA action.

**9.** The defendant's interest in having his post-verdict motion considered on its merits is obvious. It creates the possibility that those motions will be granted and he will not be sentenced to prison or probation.

**10.** If that test were accepted in this context, there would be no logical reason not to apply it to all other procedural time requirements.

ly meaningless and the orderly disposition of matters before the courts would be hampered.

In addition to this logistical consideration, policy ends of the highest order are served by the final determination of legal controversies. The application of a weighing test with regard to procedural time requirement violations would prolong the active status of a case. Certainty as to the end point of legal proceedings and as to the results of those proceedings is one of the necessary components of a legal system. Without such certainty, a legal system cannot act effectively.

For both of these reasons, we must reject the approach offered by the weighing test. Further, we see the Supreme Court cases *Horner, Philpot* and *Blair* as indicative of a strong disposition to rigorous enforcement of procedural appeals rules. We would run counter to that flow only in the presence of special circumstances mandating a contrary result. Such circumstances are not present here. We hold that a violation of the time requirements of R. 1123(a) will work a waiver on appeal, notwithstanding the trial court having treated a tardily filed post-verdict motion on its merits.

■ One issue alone is properly brought here on appeal: Whether trial counsel provided ineffective assistance in failing to file a motion to dismiss based on the ground that defendant was denied due process of law when the authorities failed to arraign him before a magistrate within six hours of his arrest.[11]

11.  While involving the same facts as one of the issues waived through absence in the post-verdict motion, n. 2, supra, this claim of error was not waived through its absence there. Nor does the tardy filing of post-verdict motions effect a waiver of this issue. Claims of trial counsel ineffectiveness need only be raised on the first occasion defendant is represented by counsel other than trial counsel.

Since this claim of ineffectiveness need not have been presented in the post-verdict motions, the tardy filing of those motions is irrelevant to the preservation of this issue.

Appellant alleges that he turned himself in to the police at 3 p.m., August 14, 1980, and was not arraigned until 11 p.m., 8 hours later. Any evidence which was obtained after a period of 6 hours of custody could be suppressed. *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). But no such evidence is alleged to have been obtained here.

Suppression of evidence is appellant's only remedy for a delay in arraignment.

> There may or may not have been an unnecessary delay between the time the appellant was arrested and the time he was preliminarily arraigned. Even if there was, however, that fact would not require a court to quash the appellant's arrest. Where there has been such a delay, a court must suppress any evidence obtained as a result of the delay. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). There is no requirement that an arrest be quashed for such a delay.

*Commonwealth v. Johnson*, 291 Pa.Super. 566 at 576–7, 436 A.2d 645 at 651 (1981).

Thus, any action by counsel to seek a dismissal on the basis of a delay in arraignment would have been fruitless. Counsel's failure to raise a meritless claim obviously cannot constitute ineffective assistance of counsel. *Commonwealth v. Lennox*, 250 Pa.Super. 80, 378 A.2d 462 (1973). There was, therefore, no ineffective assistance in this regard.

In conclusion, only one issue, ineffectiveness vis-a-vis arraignment, is properly before this court; and as explained herein, it is meritless. Three issues were waived due to their non-inclusion in the post-verdict motions. All of the remaining issues were waived due to tardy filing of the post-verdict motions.

Judgment of sentence affirmed.