479 A.2d 606

**COMMONWEALTH of Pennsylvania**

v.

**Joseph M. ZAZO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed Aug. 3, 1984.

Petition for Allowance of Appeal Denied March 5, 1985.

Scott E. Lash, Wyomissing, for appellant.

George C. Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Joseph M. Zazo entered pleas of guilty to separate charges of burglary [1] and robbery [2] and was sentenced to concurrent terms of not less than ten nor more than twenty years in prison. He did not file timely appeals from the judgments of sentence. He is presently before this Court by authority of an order of the Court of Common Pleas of Berks County permitting an appeal nunc pro tunc. On this direct appeal, his only contention is that he should be permitted to file a motion to withdraw his pleas of guilty under Pa.R.Crim.P. 320 nunc pro tunc, i.e., as if filed prior to sentencing. For reasons hereinafter set forth, we reject appellant's request and affirm the judgment of sentence.

Appellant's request to withdraw his plea of guilty under Pa.R.Crim.P. 320 has never been made to the trial court. It is made for the first time in the brief which his counsel has filed in this Court. This brief, however, contains no reason that would be sufficient to support a motion to withdraw appellant's guilty pleas, either before or after sentencing.

---

**1.** Zazo also entered pleas of guilty to related charges of criminal trespass, theft by unlawful taking, theft by receiving stolen property and conspiracy.

**2.** Zazo also entered pleas of guilty to theft by unlawful taking, recklessly endangering another person and conspiracy.

His only contention is that guilty plea counsel was ineffective for failing to tell him that he had a right, under Pa.R.Crim.P. 320, to make such a request. The language of the brief concedes appellant's guilt and complains only that the sentences were excessive. Thus, at page 19 of appellant's brief the following appears:

> The purpose of the above discussion was not to make excuses for the acts committed by the Defendant or to rationalize his behavior. The Defendant has committed crimes of a serious nature and society has the right to expect that these crimes will not go unpunished. However, while punishment may be in order, excessive punishment is a miscarriage of justice.

In support of his contention that he should now be permitted to file a motion to withdraw his pleas as though such motion had been filed prior to sentencing, appellant asserts that his guilty plea counsel was ineffective for failing to tell him that he could file a pre-sentencing motion under Pa.R. Crim.P. 320 to withdraw his guilty pleas.

"Knowledge of the procedural aspects of the right to withdraw the guilty plea does not bear upon whether it was voluntary in the first instance." *Commonwealth v. Chumley*, 482 Pa. 626, 639–640, 394 A.2d 497, 504 (1978), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979). This Court pronounced the same principle even more forcefully in *Commonwealth v. Klinger*, 323 Pa.Super. 181, 470 A.2d 540 (1983), when it said: "It would be absurd to hold that a guilty plea is involuntary or unknowing if the defendant is not told beforehand that after entering the plea he will be allowed to withdraw it." *Id.*, 323 Pa.Superior Ct. at 198, 470 A.2d at 549. It would be equally absurd to hold that guilty plea counsel is required, upon threat of being found ineffective, to advise a client who has elected to plead guilty that he can proceed under Rule 320 to withdraw the plea prior to sentencing. Such advice is not required to permit a defendant to enter a

knowing and intelligent plea of guilty. Counsel is not required to give his client a crash course in criminal procedure or advise him of all rules which would become applicable in the event of future contigencies which might, or might not, occur. Appellant's request for remand in order to file nunc pro tunc a motion to withdraw his pleas of guilty, therefore, must be denied.

We have considered the merits of appellant's request only because the Commonwealth failed to challenge the propriety of the order allowing a belated appeal to this Court. Our independent review of the record, however, discloses an irregularity which cannot readily be ignored. Appellant was sentenced on April 28, 1981. A "motion to modify and/or reconsider sentence" was denied on April 30, 1981. An appeal filed on May 29, 1981 was dismissed as untimely by this Court sua sponte on June 9, 1982. The order provided that it was "without prejudice to petitioner's right to seek appropriate post-conviction relief, including right to file post-trial motions and notice of appeal Nunc Pro Tunc." Meanwhile, on May 25, 1982, appellant had filed pro se a second petition for modification of sentence. On August 2, 1982, he filed a "notice of appeal" to *the Berks County Court of Pennsylvania* and a motion for appointment of counsel. He alleged that his trial counsel had been ineffective for failing to file "post-trial motions" and/or a motion to modify the sentence. On August 18, 1982, the sentencing judge appointed counsel to represent appellant and issued a rule on the District Attorney *to show cause why the defendant should not be permitted to file a petition for modification of sentence nunc pro tunc.* After counsel had been appointed, he did not file an amended petition; but when the District Attorney failed to file an answer to the pro se petition and rule to show cause, appellant's counsel, on September 7, 1982, petitioned the court and obtained an order making the rule absolute. The petition was presented to a different judge, however, and the order which he signed was as follows:

... it is ordered that the Rule to show cause why the Defendant should not be permitted to file a Petition for Modification of Sentence and Appeal Nunc Pro Tunc ... is made absolute.

Counsel immediately caused an appeal to be filed in the Superior Court from the judgment of sentence imposed on April 28, 1981.

■ The rule which had been issued on August 18, 1982 directed the District Attorney to show cause why appellant "should not be permitted to file a petition for Modification of Sentence Nunc Pro Tunc." The rule said nothing about an appeal to the Superior Court. Appellant's pro se petition had requested the right to file an appeal in the Berks County Court, not a right to file a direct appeal to the Superior Court. Moreover, the petition contained no averments that would have supported a request for an appeal to this Court nunc pro tunc. Thus, the order allowing an untimely appeal to this Court was unsupported by appellant's pro se petition and was an inappropriate response to the rule issued by the court.

■ It is readily apparent that an appeal from a judgment of sentence filed more than a year after the sentence is untimely. The time cannot be extended by agreement of the parties or as a matter of grace. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Commonwealth v. Horner,* 449 Pa. 322, 324, 296 A.2d 760, 762 (1972); *Commonwealth v. Gregory,* 309 Pa.Super. 529, 531, 455 A.2d 1210, 1211 (1983); *Maxton v. Philadelphia Housing Authority,* 308 Pa.Super. 444, 449, 454 A.2d 618, 620 (1982). It cannot properly be extended merely by a District Attorney's default in failing to respond to a rule to show cause why the petitioner should not be permitted to file a petition for modification of sentence nunc pro tunc. An order permitting an untimely appeal without good cause, therefore, was irregular.

The judgment of sentence is affirmed.