J-S08007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON MARTIN SWIDERSKI, | : | |
| | : | |
| Appellant | : | No. 830 EDA 2014 |

Appeal from the Judgment of Sentence January 31, 2014,
Court of Common Pleas, Northampton County,
Criminal Division at No. CP-48-CR-0000002-2010

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED MAY 20, 2015**

Appellant, Jason Martin Swiderski ("Swiderski"), appeals from the judgment of sentence entered on January 31, 2014, following sentencing for a second violation of probation.  For the reasons that follow, we affirm the judgment of sentence.

The certified record on appeal reflects that on March 10, 2010, Swiderski pleaded guilty to one count of receiving stolen property, 18 Pa.C.S.A. § 3925, for which the trial court sentenced him in June 2010 to a term of incarceration of 18 to 36 months, followed by three years of probation.  On August 23, 2010, the trial court entered an order modifying a previous order of restitution, directing Swiderski to pay $18,224.  On September 13, 2013, the trial court revoked Swiderski's probation and resentenced him.  On January 31, 2014, after a second probation violation,

the trial court again resentenced Swiderski, this time to a term of incarceration of one to two years.

This appeal followed. This Court initially dismissed the appeal based upon appointed counsel's failure to file a docketing statement, but we reinstated the appeal after Swiderski filed a petition to represent himself pro se. Upon remand, the trial court conducted a **Grazier**[1] hearing, at which time it concluded that Swiderski could represent himself. On appeal, Swiderski now raises the following five issues for our review and determination:

1. Whether the court erred in letting the Commonwealth break [the] plea agreement when [it] stated on record that "no position would be taken on sentencing" [but the trial court] allowed [it] resulting in longer probation tail.

2. [The b]urden to establish the value of the stolen property is upon the Commonwealth, not the reasonableness or the opinion of the judge that the victim proved by hearsay on amounts of fair market value, [and the record is] devoid of any such evidence.

3. [Swiderski's] counsel failed to file [an] appeal on an appealable issue at the conclusion of restitution hearing when asked to do so by [Swiderski].

4. [Swiderski's first] PCRA that raised similar appealable issues [was] dismissed as moot due to inordinate delay by the Commonwealth.

5. Probation officer at [**Gagnon II**] hearing heavily influenced [the trial] judge[, implicating a Code of

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

> Judicial Conduct question] by running [the] proceedings in his favor to appease himself and his office.

Swiderski's Brief at 7.[2]

We must agree with the Commonwealth that none of these issues may be reviewed by this Court. For his first issue on appeal, Swiderski complains about his original sentence following his guilty plea, contending that the Commonwealth's alleged misconduct resulted in a longer term of probation than might otherwise have been imposed. This issue, however, should have been raised by the filing of an appeal from his original sentence (imposed in June 2010). An appeal must be taken at the first opportunity to do so, and Swiderski's failure to file a direct appeal from his original judgment of sentence resulted in a waiver of this claim. *See, e.g.*, *Commonwealth v. Harper*, 436 A.2d 1217, 1220 (Pa. Super. 1981). Swiderski cannot appeal issues relating to his original judgment of sentence in an appeal of a subsequent judgment of sentence following a violation of probation.

Likewise, for his second issue on appeal, Swiderski challenges the amount of restitution the trial court ordered him to pay. This claim is also waived, as it should have been raised in an appeal of the trial court's restitution order in August 2010.

---

[2] On January 15, 2015, this Court granted Swiderski an extension of time until April 6, 2015 to file a reply brief. As of this date, he has not done so.

For his third and fourth issues on appeal, Swiderski argues that his counsel failed to file an appeal of the restitution order and that a petition for relief alleging this ineffectiveness, filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-46 ("PCRA"), was improperly dismissed. Again, however, this is not the appropriate forum for resolution of these issues. A claim that Swiderski's counsel was ineffective for failing to file a timely appeal of the restitution order must be raised in a PCRA petition, and a claim that such a PCRA petition was improperly dismissed must be set forth in an appeal from the order dismissing the PCRA petition. The present appeal is a direct appeal from the judgment of sentence following a violation of probation, and is simply not the appropriate legal mechanism to resolve these issues.

Finally, for his fifth issue on appeal, Swiderski contends that the trial court violated provisions of the Code of Judicial Conduct for over-relying on the testimony of the probation officer when imposing sentence on January 31, 2014. In this regard, we note that the jurisdiction of this Court with respect to claims of violations of the Code of Judicial Conduct is limited to determining whether the appellant received a fair trial. *Reilly by Reilly v. SEPTA*, 489 A.2d 1291, 1300 (Pa. 1985). In this case, we conclude that no such issue has been preserved for appellate review. At no time during the

proceedings below, including either at the **Gagnon II**[3] hearing or in Swiderski's subsequent motion for sentence modification (denied by order dated February 10, 2014), did Swiderski raise any issue relating to an over-reliance on the testimony of the probation officer or otherwise claim that the revocation of probation proceeding were not conducted fairly and impartially. Issues not raised in the lower court may not be asserted for the first time on appeal. Pa.R.A.P. 302(a); **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008).

Judgment of sentence affirmed.

Wecht, J. joins the Memorandum.

Jenkins, J. files a Concurring Statement in which Donohue, J. and Wecht, J. join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015

---

[3]  **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).