462 A.2d 772

**COMMONWEALTH of Pennsylvania**

v.

**Kirk Otto BENNETT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed June 24, 1983.

22

James Lee Goldsmith, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his Post Conviction Hearing Act (PCHA) petition without an evidentiary hearing. Because we cannot say that appellant's contentions totally lack merit, we reverse and remand for a hearing.

On May 19, 1980, appellant pled guilty to robbery, burglary, theft, criminal conspiracy and two counts of false imprisonment. He was sentenced to consecutive terms of imprisonment on all charges, totalling 20-to-40 years, to run concurrent with a previously imposed life sentence.[1] Appellant, who had separate counsel at his plea and at sentencing, filed this PCHA petition that was later amended by a third advocate. The lower court denied the petition without a hearing, prompting this appeal.

Appellant challenges counsel's ineffectiveness[2] in failing to object to the court's (1) failure to inform him of

1. The lower court here imposed the life sentence for a murder occurring during a different crime spree.

2. Counsel's effectiveness, which must be explored at the hearing we are presently ordering, will be deemed constitutional if "we are able

his right to allocution; (2) failure to place on the record its reasons for imposing sentence; and (3) sentencing him on the burglary and theft charges he claims should have merged. We cannot hold these contentions totally without merit. Nor can we evaluate them, however, because the lower court denied a hearing. Accordingly, we must remand for a hearing.

"A motion for Post Conviction Relief may be dismissed without a hearing after the defendant has been provided an opportunity to have counsel when the motion is patently frivolous or when the facts alleged would not, even if proven, entitle the defendant to relief." Pa.R.Crim.P. 1507(b). "While the right to an evidentiary hearing is not absolute, unless the PCHA court is certain of the *total lack of merit* of an issue raised in a PCHA petition, a hearing should be held on the issue." *Commonwealth v. Rhodes,* 272 Pa.Superior Ct. 546, 555, 416 A.2d 1031, 1035–36 (1979) (emphasis added).

Appellant first challenges his sentencing on burglary and theft, alleging that the two charges should have merged. In determining if two crimes merge for sentencing purposes, we compare the elements of the crimes. *Commonwealth v. Crocker,* 280 Pa.Superior Ct. 470, 474, 421 A.2d 818, 820 (1980). "In merger of sentences cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts ... for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be a merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act." *Id.,* 280 Pa.Superior at 475, 421 A.2d at 820–21. In the instant case appellant was sentenced, *inter alia,* on burglary and theft. The burglary charge arose from a nighttime entry into the victims' house, where the victims were bound and

to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

gagged while appellant and his partner ransacked the house. The theft charge arose from appellant's entering the victims' detached garage and stealing their automobile. Appellant contends that because he intended to commit the theft in the garage upon entering the house, the charges should merge.[3] We cannot say that this claim is patently frivolous or totally lacks merit. We are unable to determine on the record why neither guilty plea nor sentencing counsel asserted this merger argument. Accordingly, we must remand for that determination.

■■■■ Appellant next challenges the denial of his right to allocution at sentencing and the lower court's failure to place on the record its reasons for the sentence imposed. Pa.R.Crim.P. 1405(a) requires the lower court to "afford the defendant the opportunity to make a statement in his own behalf." *See Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980). The record indicates that at the time of sentence, appellant was not asked if he had a statement to make to the court.[4] There is, therefore, some merit to his contention that counsel was ineffective for failing to object to this oversight. Similarly, appellant challenges the lower court's failure to state its reasons for the sentence as required by Pa.R.Crim.P. 1405(b). The record demonstrates that the lower court did fail to indicate its reasons.[5] Thus,

3. 18 Pa.C.S.A. § 3502(d) provides: A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

   A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, *with intent to commit a crime therein,* unless the premises are at the time open to the public or the actor is licensed or privileged to enter. 18 Pa.C.S.A. § 3502(a) (emphasis added).

4. The fact that appellant chose not to speak at his guilty plea colloquy does not, as the Commonwealth asserts, indicate a subsequent desire to remain silent.

5. The Commonwealth's mention of the court's familiarity with appellant is no substitute for the absence of a record detailing the reasons for the court's sentence.

counsel's failure to object should be explored at an evidentiary hearing.

Accordingly, appellant is entitled to be heard on the merits of his claims. Only after that inquiry can his attorneys' effectiveness be fairly evaluated.

Reversed and remanded for an evidentiary hearing.

Jurisdiction not retained.