492 A.2d 745

**COMMONWEALTH of Pennsylvania**

**v.**

**George W. BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1984.

Filed May 10, 1985.

250

James L. Goldsmith, Harrisburg, for appellant.

Katherine E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

## ORDER

PER CURIAM:

AND NOW, May 10th, 1985, the order of the trial court is reversed to the extent that the case is remanded to permit appellant to exercise his right to allocution. The order of the trial court is affirmed in all other respects.

SPAETH, President Judge, files an opinion in support of remand in which BROSKY, J., joins.

POPOVICH, J., files an opinion in support of reversal in which WICKERSHAM, J., joins.

CIRILLO, J., files an opinion in support of affirmance in which BECK and HESTER, JJ., join.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, CIRILLO, BECK, POPOVICH and HESTER, JJ.

OPINION IN SUPPORT OF REMAND BY SPAETH, President Judge:

Three questions are presented by this appeal: First, has appellant preserved any issue for appellate review? Second, if he has, what disposition should we make of such

issue, or issues? And third, should we remand for the appointment of new counsel?

On the first question: Judge CIRILLO's opinion may be read as holding that appellant has preserved no issue for appellate review, for the reason that, according to Judge CIRILLO, the allegations in appellant's second PCHA petition are inadequate. This conclusion ignores the fact that when appellant filed the petition he was without counsel, and its error is demonstrated by Judge POPOVICH at pages 749–751 of his opinion. *See* in particular the first paragraph of footnote 2 on page 750.[1]

On the second question: Three issues have been preserved for appellate review: the rubber stamp issue; the *Riggins* issue; and the allocation issue. Counsel could not have been ineffective in failing to raise the first two issues, for they are without merit. However, Judge CIRILLO's *dictum* to the contrary (if it is *dictum; see* note 1 *supra* ), the allocution issue does have merit, again as demonstrated by Judge POPOVICH, at pages 751–753 of his opinion. I therefore agree with Judge POPOVICH that the judgment of sentence should be vacated and the case remanded so that appellant may exercise his right of allocution.

On the third question: Judge POPOVICH states that "the assignment of counsel for appellant on appeal cures" the trial court's error in dismissing appellant's *pro se* petition without hearing and without appointing counsel. Judge CIRILLO, in *dictum,* agrees. I do not.

Rule 1504 of the Pennsylvania Rules of Criminal Procedure provides that the appointment of counsel in PCHA proceedings is required unless "a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented

---

1. I am unable to tell exactly what Judge CIRILLO's holding is. If indeed he holds that appellant has waived the issues raised in his PCHA petition and on appeal, there is of course no need for him to address, as he does, the merits of appellant's allocution claim. Perhaps Judge CIRILLO wishes to find waiver but realizes that the cases cited by Judge POPOVICH do not permit him to.

by counsel in proceedings thereon." Pa.R.Crim.P. 1504. *See Commonwealth v. Finley,* 497 Pa. 332, 440 A.2d 1183 (1981); *Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977). *See also Commonwealth v. Nole,* 319 Pa.Super. 593, 466 A.2d 703 (1983) *aff'd* 506 Pa. 432, 485 A.2d 766 (1984); *Commonwealth v. Garrison,* 303 Pa.Super. 555, 450 A.2d 65 (1982). Here, the issues appellant raised in his second PCHA petition, in particular, his right to allocution, differ from the issues that he raised, and that were determined adversely to him, in his first petition. Accordingly, the only situation in which Rule 1504 permits a trial court to dismiss a petition without appointing counsel did not arise.

*Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983), on which Judge POPOVICH relies, *see* his opinion at ——, is not in point. In *Lohr,* counsel had advised the petitioner on two occasions that there was no basis for filing an amended PCHA petition (counsel having prepared a petition raising one issue and the petitioner desiring to add other issues to the petition). On this appeal to the Supreme Court the petitioner filed a *pro se* petition, discarding the one prepared by counsel. The question for the Court was whether the case should be remanded to permit counsel to comply with the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), by filing an advocate's brief and a petition to withdraw. The Court concluded that since it was examining all of the petitioner's claims, remand would be duplicative and therefore was not required. The Court's decision thus to consider additional issues *after counsel had determined that the PCHA petition was adequate* affords no support for Judge POPOVICH's and Judge CIRILLO's assumption, or assertion, that there *are* no additional issues that appellant, *if he had* the assistance of counsel, might raise.

It is, moreover, quite inaccurate to state that the review this court conducts now will remedy the failure of the trial court to appoint counsel. The review this court conducts

now extends *only* to appellant's *pro se* claims. Neither Judge POPOVICH nor Judge CIRILLO claims to have reviewed the entire record for any meritorious claims appellant might raise, if advised by appointed counsel. *Cf. Commonwealth v. McClendon, supra* (after requirements of *Anders* have been met, reviewing court must make an independent determination of merits of appeal). Judge POPOVICH's statement that we may consider appellant's PCHA petition now "since there is no indication of record that appellant was hindered from raising any issue he wished," *see* his op. at 748, is no excuse for not following Rule 1504. No authority is cited for the statement; I know of none; and settled authority is directly contrary. Both the Supreme Court and this court have repeatedly stated the basis of the requirement of Rule 1504 that an indigent petitioner *must* have counsel appointed for him in proceedings before the PCHA court:

> We pause to note that the mandatory appointment requirement is a salutary one and best comports w th efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967): "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se....* Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff."
> *Commonwealth v. Mitchell,* 427 Pa. 395, 397, 235 A.2d 148, 149 (1967).

*See also Commonwealth v. Finley,* 497 Pa. 332, 335, 440 A.2d 1183, 1184 (1981) ("Counsel for a PCHA petitioner can

more ably explore legal grounds for complaint, investigate underlying facts, articulate claims for relief and promote efficient administration of justice."); *Commonwealth v. Holland,* 496 Pa. 514, 516, 437 A.2d 1159, 1160 (1981) ("The appointment of counsel in post-conviction proceedings sharpens presentation of the issues and promotes the administration of justice."); *Commonwealth v. Sangricco,* 490 Pa. 126, 132, 415 A.2d 65, 68 (1980) ("[n]othing in PCHA practice is more settled than the rule that a person seeking post-conviction relief is entitled to the assistance of counsel."). In *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975), the Court, affirming *Commonwealth v. Mitchell, supra,* stated: "Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero, supra,* 462 Pa. at 413, 341 A.2d at 450. *See also Commonwealth v. Via,* 483 Pa. 363, 396 A.2d 1212 (1979) (when counsel is appointed but amended petition is not filed, proceedings are considered uncounselled); *Commonwealth v. Davis,* 328 Pa.Super. 321, 476 A.2d 1351 (1984) (same; per WICKERSHAM, J., joined by POPOVICH, J.); *Commonwealth v. Ollie,* 304 Pa.Super. 505, 450 A.2d 1026 (1982) (same). Thus the question is not whether appellant "was hindered from raising any issue he wished" but whether he was "represented by counsel," Pa.R.Crim.P. 1504, and whether counsel had "the opportunity and in fact [did] discharge the responsibilities required by his representation," *Commonwealth v. Fiero, supra.*

Judge CIRILLO chastises me for "search[ing] for perfect justice." *See* his opinion at ——. "Prisoners", he says, "who are in fact guilty of the crimes of which they stand convicted must learn to accept the consequences of their guilt...." *Id.* at ——. These comments seem to me to beg the question. I doubt that following Rule 1504 will enable us to realize perfect justice. I submit, however, that when a rule squarely controls a case—as Rule 1504 controls this

case—we should follow the rule. As for prisoners accepting the consequences of their guilt: If counsel was ineffective, how do we know that the prisoner *was* guilty? Besides, are not even the guilty entitled to effective counsel?

The judgment of sentence should be vacated and the case remanded so that appellant may exercise his right to allocution, and also, so that the trial court may pursuant to Rule 1504 appoint counsel to represent appellant and advise him on whether his *pro se* petition should be amended.

BROSKY, J., joins in this opinion.

OPINION IN SUPPORT OF REVERSAL BY POPOVICH, Judge:

I do not find fault with the determination of the Opinion in Support of Affirmance that appellant's plea renders his rubber-stamp issue waived. Its non-jurisdictional attribute is not remedied by its association with an ineffectiveness claim absent an assertion that the alleged defect was the primary motivation for the plea. *See Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), cert. denied sub nom., *Chumley v. Pennsylvania*, 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979). Appellant makes no such averment.

Further, I agree with the Opinion in Support of Affirmance that the assignment of counsel for appellant on appeal cures any defect that may have been engendered by the PCHA court's dismissal of appellant's second *pro se* petition without appointing counsel to assist him in drafting an amended petition. In other words, since there is no indication of record that appellant was hindered from raising any issue he wished, the present appeal is the appropriate stage at which to assail any and all matters arising out of his conviction. Accordingly, appellant's right to counsel to assist him in the perfection of his second PCHA petition has been rectified by the appointment of appellate counsel by the PCHA court.

I believe that such an approach is sanctioned by our Supreme Court in *Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983). In *Lohr*, appellant appealed *pro se* from this Court's affirmance of the lower court's dismissal, without a hearing, of his PCHA petition. He not only challenged the legality of his 1977 sentence, but additionally sought to reverse his conviction on grounds of ineffectiveness of counsel, "claims apparently raised for the first time."

In affirming, the *Lohr* Court utilized a "judicial economy" approach to address all of the issues raised by appellant in his *pro se* brief. *Id.*, 503 Pa. at 133 n. 3, 468 A.2d at 1376 n. 3. This posture is exemplified by the Court's rationale for deciding to rule upon the issues raised on appeal, despite appointed counsel's failure to comply with the dictates of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as set forth in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). To-wit:

> Here, counsel's actions are clearly outside the requirements of *McClendon*. However, the goal pursued by *McClendon*, review of the merit of the appeal, is fulfilled by the instant review, negating the possibility of prejudice inuring to appellant from the omissions of counsel. Furthermore, notwithstanding counsel's dereliction, any relief this Court might extend to appellant would be merely duplicitous of the instant review and, thus, consistent with principles of judicial economy, we decline the opportunity to remand for proceedings consistent with *McClendon*.

*Id.*, 503 Pa. at 138, 468 A.2d at 1379.

I see no reason to deviate from *Lohr*, for review of the merits of appellant's claims is being accomplished without any evidence of prejudice to the accused. Moreover, notwithstanding the ineffectiveness of counsel claims, I find, as did the Court in *Lohr*, that "any relief this Court might extend to appellant would be merely duplic[ative] of the instant review and, thus, consistent with the principles of judicial economy," I would decline appellate counsel's invita-

tion to remand for proceedings below. (Appellant's Brief at 11–12)

However, I depart from the Opinion in Support of Affirmance on the question of the reviewability of the claims that: 1) the lower court failed to state "any reasons" for the sentence imposed as required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); and 2) appellant was denied his right to allocution as provided for by Pa.R. Crim.P. 1405(a).

I find that, inasmuch as present counsel is other than counsel whose stewardship is being questioned,[1] the issues raised are properly before us for review. *See Commonwealth v. Cooke*, 288 Pa.Super. 205, 431 A.2d 360 (1981); *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981). More importantly, the nature of the claims raised, i.e., attacking the legality of the sentence imposed, preserves them for review despite the jurisdictional ramifications attendant to the entry of the plea. *See, e.g., Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982).

Before addressing any of appellant's complaints, I find it necessary to respond to the Commonwealth's argument that "[t]he issues presented in the second P.C.H.A. petition were either waived or finally litigated." (Commonwealth's Brief at 4) In support of its protestation, the Commonwealth relies heavily upon *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981) and *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981).

In *Alexander*, a plurality opinion written by Justice Larsen, the Court, albeit decrying the proliferation of PCHA petitions filed by one litigant as an intolerable assault on the appellate process requiring judicial curtailment, endorsed the allowance of "at least one *meaningful* opportunity to have ... issues reviewed, at least in the context of

---

1. Appellant was represented by the Dauphin County Public Defender's Office from the guilty plea stage to the first appeal to Superior Court. Present (private) counsel is unassociated with prior counsel and can properly raise the effectiveness issue now. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

an ineffectiveness claim." *Id.* 495 Pa. at 35, 432 A.2d at 186. Further, the Court went on to list some of the factors that should weigh on a PCHA court's determination as whether to grant or deny a hearing to assess the merits of the claims proffered in a petition. One called for concrete allegations of actual prejudice by the petitioner, substantiated by "a specific factual predicate." Abstract assertions would not be tolerated.

Initially, I would hold that *Alexander's* "one meaningful opportunity for review of an ineffectiveness claim" legitimately came to appellant on this appeal. Prior thereto, he was represented by counsel from the public defender's office, and, under *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975), and its progeny, "[w]here, as here, appellant's assigned counsel for his first PCHA petition [was] a member of the same office that represented appellant at trial, there [was] no waiver of the ineffectiveness claim." (Citations omitted) *Commonwealth v. Von Smith,* 486 Pa. 564, 566 n. 2, 406 A.2d 1034, 1035 n. 2 (1979). *Accord Commonwealth v. Weathers El,* 485 Pa. 28, 31 n. 2, 400 A.2d 1295, 1297 n. 2 (1979) ("The issue of counsel's ineffectiveness at trial is not waived although it was not raised on direct appeal since [appellant] was represented at trial and on appeal by the public defender's office. It would be unrealistic to expect counsel to argue ineffectiveness of a member of his own office on appeal." (Citations omitted)).

It is beyond cavil that if a petitioner fails to raise issues in a prior counselled post conviction proceeding, he waives these issues for purposes of a subsequent post conviction proceeding unless he establishes that extraordinary circumstances existed which would have excused the failure to raise the issues. 42 Pa.C.S.A. §§ 9543(4), 9544(b)(2). Appellant has done just that through appellate counsel's contention that the failure to raise the issues presently before this Court is attributable to the stewardship of the first PCHA counsel, who represented the accused on appeal and

was from the same office as guilty plea counsel.[2] Thus, "an extraordinary circumstance existed which would excuse his failure to raise these issues in his first PCHA petition." *Commonwealth v. Senk*, 496 Pa. 630, 636, 437 A.2d 1218, 1221 (1981); *see also Commonwealth v. Anthony*, 504 Pa. 551, 555, 475 A.2d 1303, 1305 (1984) ("No petition to withdraw the plea was filed nor direct appeal ever perfected; rather, appellant sought relief under the [PCHA.] * * * [A]ppellant's requested relief was denied. The order of the PCHA Court was affirmed ... by the Superior Court.... This appeal followed. Prior to reviewing the merits of appellant's claim we note that the PCHA Court held, and the Commonwealth has here argued, that the failure of appellant to effect a direct appeal constituted a waiver of the issues raised herein. However, appellant's complaints were raised in the context of an ineffective assistance of counsel claim: an 'extraordinary circumstance' under 42 Pa.C.S.A. § 9544(b), sufficient to permit review of the alleged errors. *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982)." (Footnote omitted)); *Commonwealth v. Frankhouser*, 491 Pa. 171, 175, 420 A.2d 396, 398 (1980) ("If counsel on direct appeal is the same as [prior] counsel, and the issue of [prior] counsel ineffectiveness is not asserted on appeal (either by failure to take an appeal at all or by not raising the issue on appeal), there is no waiver. *Commonwealth v. Dancer, [supra ]*.").

---

**2.** Although the appellant did not question the competency of his appellate and first PCHA counsel, we will not fault him for doing so and find waiver since the second PCHA petition was filed *pro se. Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969). Moreover, inasmuch as appellant alleged indigency and requested the appointment of counsel in the PCHA petition, the lower court erred in dismissing same without first assigning counsel to assist appellant. *Commonwealth v. Alvarado*, 488 Pa. 250, 412 A.2d 492 (1980); *Commonwealth v. Bennett*, 316 Pa.Super. 25, 462 A.2d 774 (1983); *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981); Pa.R. Crim.P. 1503(a).

Nonetheless, as discussed previously in this Opinion in Support of Reversal, the nature of the claims raised, as far as this writer is concerned, gives this Court the opportunity to treat them without the need for a remand.

Accordingly, based on the preceding and without doing violence to the spirit of the law as capsulized in *Commonwealth v. Alexander, supra,* only now is appellant being availed his "one meaningful" review of the ineffectiveness claim.

As for the concrete allegation of actual prejudice also called for in *Alexander,* I find this factor to be but one point on a continuum that leads to an analysis of counsel's claimed ineffectiveness, first, under the rubric of "arguable merit" and then scrutinization under the "reasonable basis" standard enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). To explicate, granted the deference accorded *Riggins* on sentencing matters, *see Commonwealth v. Mullen,* 321 Pa.Super. 19, 467 A.2d 871 (1983), and the strict construction reserved for Rule 1405(a), *see Commonwealth v. Knighton,* 490 Pa. 16, 415 A.2d 9 (1980); *Commonwealth v. Curry,* 318 Pa.Super. 490, 465 A.2d 660 (1983), it cannot be seriously argued that the claims advanced by the accused herein lack any semblance of "arguable merit." [3] I am of the belief that the principles enumerated in *Alexander* would not be contravened by sanctioning appellant's appeal to this Court. Nor would a different result be warranted on the strength of *Commonwealth v. Pettus, supra,* which refused to order a remand on "boilerplate" allegations of ineffectiveness, since my review of appellant's brief, which I consider to be the equivalent of a *counselled* amendment to his *pro se* PCHA petition, reflects more than a recitation of the terms "ineffectiveness of counsel" unsubstantiated by alleged improprieties justifying no relief.

**3.** In *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981) the Court framed the question of counsel's claimed ineffectiveness as one in which the complainant "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that [prior] counsel *may have,* in fact, been ineffective." (Emphasis added) I believe that such a standard has been met instantly, and, except for the Rule 1405(a) matter, the need for a remand has been dispensed with since the *Riggins* claim can be dealt with on appeal.

Instantly, I conclude that the aforesaid translates into a vacation of the judgment of sentence and a remand to afford the accused his right of allocution.

The position of the Opinion in Support of Affirmance that the accused alleges no *facts* entitling him to relief when he asserts that his allocution right was denied is tenuous at best. Our Supreme Court has spoken on this subject in no uncertain terms:

> In Pennsylvania, the right of allocution, long recognized with respect to capital cases, was extended by the Rules of 1973 to all criminal defendants.

> The right of allocution has retained its vitality in contemporary sentencing schema. Notwithstanding the modern innovations in our law, nothing has "lessen[ed] ... the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." Allowing a defendant to address the court on the sentencing determination fully comports with this Commonwealth's Sentencing Code, 18 Pa.C.S. §§ 1301 *et seq.*, which embodies "the philosophy of individual sentencing," . . . .

*Commonwealth v. Knighton, supra,* 490 Pa. at 19, 415 A.2d at 11 (Citations omitted) (Footnote omitted).

Four years after the ruling in *Knighton,* our high Court again has spoken on the subject of allocution, but this time it is in a terse fashion which leaves no doubt in this writer's mind the deference to be accorded such a right. The scenario begins with one Julius Demetrius, III, pleading guilty to nine offenses, the substance of which is not herein relevant. Sentence was imposed following a hearing, and, thereafter, a timely filed motion to withdraw the plea and modify sentence was denied. On appeal, new counsel was appointed because prior counsel's stewardship was assailed in regard to the plea and sentencing proceedings. This Court, in a Memorandum Opinion, affirmed the judgment of sentence, and, in doing so, determined that Demetrius' right

to allocution had not been abridged because at sentencing he answered: "No, Your Honor" when asked by the court if he had anything to say. *Commonwealth v. Demetrius*, 320 Pa.Super. 582, 467 A.2d 42 (1983).

On December 30, 1983, our Supreme Court granted Demetrius' petition for allowance of appeal at No. 1 E.D. Appeal Docket 1984. In his brief, Demetrius claimed that, *inter alia*,

At the time of sentencing, the learned sentencing judge, after hearing argument from the attorney for the Commonwealth and defense counsel, asked the Defendant to stand (N.T. 11/14/80, p. 63) and thereupon imposed sentence of total confinment.... Only *after* imposing such sentence did the Court inquire of the Defendant as to whether he had anything to say (N.T. 11/14/80, p. 68). Not surprisingly, in view of the impact upon the Defendant by virtue of the sentence received, the Defendant responded "No, Your Honor". (N.T. 11/14/80, p. 68). The Defendant was thus denied any meaningful exercise of his right to allocution prior to sentencing.

\* \* \* \* \* \*

Because Defendant was denied his right of allocution the sentence imposed in this case is invalid and the judgment of sentence must be vacated.[8]

---

[8] "The proper recourse regarding the Court's failure to afford appellant the right to allocute on his own behalf is to vacate the sentence and remand for resentencing." *Commonwealth v. Curry*, 318 Pa.Super. 490, 465 A.2d 660, 664 (1983).

(Demetrius' Brief at 27, 30 & n. 8) (Emphasis in original)

Although not mentioned in the preceding passage, it requires noting that Demetrius cited *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), *Commonwealth v. Knighton, supra,* and Rule 1405 to buttress his argument that, notwithstanding the query after sentencing, the failure of the court to make inquiry of him before sentencing rendered his right to speak, and any hope of mitigating whatever sentence might be imposed, a hollow gesture. *Cf. In re Stevens*, 144 Vt. 250, 478 A.2d 212, 217 (1984) ("We agree with the spirit of Justice Black's

dissent [in *Green v. United States, supra,*] and will not make allocution under V.R.Cr.P. 32(a)(1) a hollow right. The right of a defendant to address the sentencing court in person may well be of inestimable impact in a particular case."); *State v. Nicoletti,* 471 A.2d 613, 618 (Supr.Ct.R.I. 1984) ("The defendant in this case was not afforded the opportunity to speak before the trial justice pronounced sentence. The fact that the trial justice ... afforded the defendant the opportunity to speak after the pronouncement [of sentence] is not sufficient. * * * [A] violation of a defendant's right to allocution ... require[s] this court to remand the case for resentencing.").

Instantly, the record of appellant's sentencing hearing clearly demonstrates that, albeit his counsel spoke, he was not asked if he had a statement to make to the court. "The fact that appellant chose not to speak at his guilty plea colloquy does not ... indicate a subsequent desire to remain silent." *Commonwealth v. Bennett,* 316 Pa.Super. 20, 24 n. 4, 462 A.2d 772, 774 n. 4 (1983). Rule 1405(a) mandates that the sentencing court invite the accused to allocute "even absent a specific request from a defendant or his counsel." (Citation omitted) *Commonwealth v. Curry, supra,* 318 Pa.Super. at 498, 465 A.2d at 664.

Unlike the requirement of the Opinion in Support of Affirmance that a claimed denial of one's right to allocution is factually deficient and requires supplementation as to what one would have said had he/she been given the opportunity to speak,[4] our Supreme Court created no such

4. By inference, the Opinion in Support of Affirmance is requiring proof by a claimant as to how he has been prejudiced by the lack of an opportunity to speak on his own behalf to the person cloaked with the authority to decide the juridical fate of his liberty.

The logic for such a requirement is ill-advised since the effort it takes for a jurist to ask the accused if he has anything to say prior to issuing sentence is minimal when contrasted to the liberty interest being decided.

Moreover, as correctly noted by the Opinion in Support of Affirmance, the PCHA only requires that a person allege facts which, if established, would entitle him to relief. Given the status assigned one's right to allocution, as evidenced by not only our high Court but those of our sister states (e.g., Vermont and Rhode Island), I find

condition precedent in the case of Julius Demetrius, III. On the contrary, it stated no more in its per curiam order awarding the petitioner the relief sought other than:

> Judgment of sentence vacated and record remanded to Court of Common Pleas of Montgomery County to permit appellant to exercise his right of allocution and for resentencing by another judge.

*Commonwealth v. Demetrius,* 506 Pa. 261, 484 A.2d 1383 (1984). Nor is there any mention in *Demetrius* of the need for a remand to allow trial counsel to state his reasons for not voicing an objection at the time of sentencing to the denial of his client's allocution right.

For this Court to imply, as the Opinion in Support of Affirmance does today, that a claimed denial of one's right to speak can be ameliorated by the accused's delineation of his importunings to an appellate court in, for example, his appellate brief would be the equivalent of this tribunal acting as the sentencing agent. A role reserved, and appropriately so, to the jurist initially hearing, seeing and, thus, reacting to those factors which impact on the ultimate sentence imposed. Our role in this scheme of criminal justice is to review, under an abuse of discretion standard, the after-the-fact type and length of punishment meted out, and not to act as the initial forum for hearing one's pleas for leniency, a portrayal which the Opinion in Support of Affirmance seems bent on pursuing in the face of our Supreme Court's advisements to the contrary. *See Commonwealth v. Demetrius, supra; Commonwealth v. Knighton, supra;* Rule 1405.

I am of the belief that those matters which the Opinion in Support of Affirmance would have appellant allege on appeal for evaluation, having been denied the occasion to vocalize them at sentencing, are considerations for the sentencing court, in the first instance, and not the proper subject of assessment "in the austere, dry precincts of

Brown's denial of such a right perforce sufficient to entitle him to relief since the record is supportive of the allegation.

appellate courts." *Commonwealth v. Jackson,* 506 Pa. 469, 474, 485 A.2d 1102, 1104 (1984).

Notwithstanding the preceding, as also observed by the Opinion in Support of Affirmance, appellant's contention that counsel was ineffective in failing to obtain an on-the-record rationale for sentencing must fail. While *Commonwealth v. Riggins, supra,* now requires such an on-the-record statement, the law at the time of appellant's sentencing (1974) was otherwise. Thus, appellant is not entitled to the solace afforded by *Riggins. Commonwealth v. Frankhouser, supra; Commonwealth v. Tolassi,* 303 Pa.Super. 177, 449 A.2d 636 (1982).

Finally, as was stated by the Court in *Alexander,* I also wish to emphasize that I do not approve of a policy that grants, *ipso facto,* a petitioner an evidentiary hearing merely by his incantation of the talismanic phrase "ineffectiveness of counsel" and affixing it to any and all allegations of impropriety. Rather, I follow in the footsteps of our high Court in continuing to approve of the "arguable merit/reasonable basis" criteria, emanating from the *Commonwealth ex rel. Washington v. Maroney* line of cases, as the framework within which a PCHA court must act in deciding whether to grant or deny a petitioner's requested relief. *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984).

The order of the PCHA court, save for the allocution claim, is affirmed. The judgment of sentence is vacated, and a remand is ordered, to allow the accused the opportunity to exercise his right to allocution.

WICKERSHAM, J., joins in this opinion.

OPINION IN SUPPORT OF AFFIRMANCE BY CIRILLO, Judge:

Early in 1974, appellant George Walter Brown committed three separate armed robberies, each in the company of an armed cohort, in Dauphin County, Pennsylvania. Pursuant to a plea agreement, Brown pled guilty on September 16,

1974, to three charges of robbery arising from the incidents. The court accepted Brown's pleas and sentenced him to three concurrent terms of five to fifteen years in prison. No direct appeal was taken; however, on December 10, 1974, Brown filed a first petition under the Post Conviction Hearing Act[1] (PCHA) alleging that he had been denied the right to representation by competent counsel, that his guilty pleas had been unlawfully induced, and that a right guaranteed him by the constitution or laws of this State had been abridged. The Court of Common Pleas of Dauphin County denied the petition without a hearing, and Brown appealed to the Superior Court. On appeal Brown argued that his original counsel had been ineffective for failing to appeal to challenge (1) the validity of Brown's waiver of the right to a jury trial, and (2) the validity of his guilty plea. The Superior Court affirmed the order of the PCHA court. *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976). We held that Brown had effectively waived his right to trial by jury, and that his contentions on this point were frivolous. We also held that Brown's guilty plea colloquy established conclusively that he had pled guilty validly. Based on these holdings, we went on to hold that Brown's original counsel could not be found ineffective for failing to appeal these issues.

On September 22, 1981, Brown filed his second PCHA petition, alleging the ineffectiveness of both his original counsel and his first PCHA counsel for failing to preserve or argue claims that (1) the criminal informations filed against him were rubber-stamped with a facsimile of the district attorney's signature; (2) the sentencing judge did not put reasons for the sentence on the record in compliance

1. Act of January 25, 1966, P.L. 1580, §§ 1–14, 19 P.S. §§ 1180–1 to 1180–14 (Supp.1965–1981), *repealed by* Act of April 28, 1978, P.L. 202, No. 53, § 2, effective June 27, 1980, *as amended by* Act of June 26, 1980, P.L. 265, No. 77, § 2, which delayed repeal until June 27, 1981, *as further amended by* Act of June 26, 1981, P.L. 123, No. 41, § 1, which delayed repeal until June 26, 1982, *replaced by* 42 Pa.C.S. §§ 9541–9551. Subsequent citations to the PCHA will be to the version at Title 19 of Purdon's Statutes, in force during the prior proceedings in this case.

with *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); (3) the sentencing judge did not invite him to exercise his allocution rights at sentencing; and (4) the colloquy conducted at his guilty plea hearing was defective. Brown's petition also alleged indigency and requested the appointment of counsel. On September 23, 1981, the Honorable William W. Lipsitt denied Brown's petition without a hearing and without appointing counsel.

An appeal from Judge Lipsitt's order ensued, bringing Brown's case before this Court for the second time. On appeal Brown pursues the first three of the four issues raised in his PCHA petition below. He maintains that with regard to these three issues it was error for the judge to summarily dismiss the petition without a hearing and without appointing counsel.

Preliminarily, we turn our attention to the effect of appellant's guilty plea on the status of his current claims.

Upon entry of a plea of guilty all grounds of appeal are waived except challenges to the voluntariness of the plea, the jurisdiction of the sentencing court, and the legality of the sentence. *Commonwealth v. Lutz,* 492 Pa. 500, 424 A.2d 1302 (1981); *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Whittaker,* 292 Pa.Super. 172, 436 A.2d 1207 (1981). The voluntariness of appellant's plea has already been litigated and conclusively decided against him on his first PCHA appeal. *Commonwealth v. Brown, supra; see generally Commonwealth v. Edrington,* 317 Pa.Super. 545, 464 A.2d 456 (1983). Possibly for that reason, appellant does not pursue an attack on his plea. The jurisdiction of the court that sentenced appellant is beyond dispute. Thus, the only remaining issues that survived appellant's plea are challenges to the legality of the sentence. Appellant does raise issues directed against the validity of his sentence, but his claim that the criminal information filed against him was rubber-stamped with a facsimile of the district attorney's signature is not

such an issue. Consequently, the rubber stamp issue was waived by appellant's entry of a plea of guilty.

The next principle we should recognize is that issues may be waived if they are not preserved at every stage of the criminal proceedings at which orderly state procedures make it appropriate to raise them. *Commonwealth v. Harper*, 292 Pa.Super. 192, 436 A.2d 1217 (1981). This principle applies independently of the principle governing waivers attendant upon a plea of guilty. It affects not only appellant's rubber stamp issue, but also his sentencing claims—that the reasons for his sentence were not put on the record and that he was denied his right to allocution at sentencing. The rubber stamp issue was waived absolutely and irrevocably when the issue was not raised in a pretrial motion. *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982) (en banc); *Commonwealth v. Spiegel*, 311 Pa.Super. 135, 457 A.2d 531 (1983). Procedural sentencing issues such as appellant's reasons-on-the-record and allocution claims are also waived if not properly preserved. *Commonwealth v. Martin*, 328 Pa.Super. 498, 477 A.2d 555 (1984) (en banc) (reasons on the record); *Commonwealth v. Tolassi*, 303 Pa.Super. 177, 449 A.2d 636 (1982). To be properly preserved such sentencing issues must be raised (1) at the sentencing hearing, (2) after sentencing in a motion to modify sentence, and (3) on appeal from the judgment of sentence. *Commonwealth v. Tomasso*, 311 Pa.Super. 103, 457 A.2d 514 (1983), *aff'd on other grounds*, 506 Pa. 344, 485 A.2d 395 (1984). At none of these stages did appellant mount any attack on the procedure by which he was sentenced.

A third principle worth preliminary mention is the principle of waiver written into the Post Conviction Hearing Act itself. The Act provides that

(b) For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding

or any other proceeding actually conducted, *or in a prior proceeding actually initiated under this act;* and

(2) The petitioner is unable to prove the existence of *extraordinary circumstances* to justify his failure to raise the issue.

(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

19 P.S. § 1180–4(b), (c) (emphasis added). *See also id.* § 1180–5(b):

Any person desiring to obtain relief under this act shall set forth all of his then available grounds for such relief for any particular sentence he is currently serving in such petition and he shall be entitled to only one petition for each such crime. The failure to raise any such issue in such petition shall be deemed a waiver of any right to future presentation of another petition containing grounds for relief that were available and could have been presented.

Appellant has already pursued a collateral attack on his sentence through a prior proceeding under the PCHA, and in that proceeding failed to raise the issues he now wants heard. Under the clear language of the PCHA, appellant has therefore waived the issues presented in the current appeal.

Appellant seeks to avoid the abundant evidence of waiver by alleging that his prior counsel rendered ineffective assistance in all prior proceedings. He contends that his ineffectiveness allegations entitle him to further litigation of his claims under the PCHA, on the premise that ineffectiveness of counsel is an extraordinary circumstance which precludes us from finding waiver under section 1180–4(b)(2) of the Act, *supra.*

A question of importance before the Court en banc on this appeal is whether appellant's ineffectiveness of counsel allegations automatically entitle him to a forum for his claims under the PCHA; or whether, under the present

circumstances, appellant's allegations are insufficient to overcome the inference that these claims are waived. We would hold the latter.[2]

*First,* with sole regard to appellant's complaint that the informations filed against him contained a rubber-stamped signature, we determined in *Commonwealth v. Spiegel, supra,* that such a claim is waived if not raised pre-trial, and that ineffectiveness allegations cannot resurrect a rubber stamp claim after conviction. The rationale for the *Spiegel* holding is simple and compelling: after a case has gone to trial and conviction the interest protected by the requirement of a signed information has ceased to exist. *See also Commonwealth v. Veneri, supra.* Even assuming that alert counsel should have challenged a rubber-stamped information before trial to insure that a district attorney made a reasoned review of the charges, after a finding of guilt there is no longer an appropriate remedy in criminal court for counsel's failure to have done so. *See also Commonwealth v. Watts,* 294 Pa.Super. 319, 439 A.2d 1220 (1982); *Commonwealth v. Harper, supra* (alternative holding).

2. Such a holding would not depart in the final analysis from the conventional wisdom that "Ineffective assistance of counsel is an extraordinary circumstance that justifies the failure to raise an issue." *See Commonwealth v. Smallwood,* 497 Pa. 476, 483, 442 A.2d 222, 225 (1982). As will appear from the ensuing discussion, an almost necessary corollary of our holding is that appellant's prior counsel were *not* ineffective. It is sometimes stated loosely that allegations of ineffectiveness *are* an extraordinary circumstance precluding a finding of waiver, but strictly speaking this is a non sequitur. Consider a hypothetical case: the defendant is informed in a full record colloquy of his right to a jury trial, and waives that right. He subsequently files a PCHA petition containing the bald allegation that his counsel was ineffective for not informing him of the nature of his right to trial by jury. By what legerdemain can it be said that the defendant's allegation *establishes* extraordinary circumstances precluding waiver and entitling him to relitigate the question whether his waiver of a jury trial was knowing and voluntary? Surely rational jurisprudence requires something more than bald allegations to accomplish this opening of a final judgment. What we require are concrete allegations of fact which would warrant the conclusion that the defendant was misled about his right to a jury trial despite the contrary indication in the record.

Furthermore, appellant's allegations of ineffectiveness do not explain away the waiver of the rubber stamp issue that occurred when appellant entered his plea of guilty. It is elementary that ineffectiveness of counsel in connection with a guilty plea will warrant relief only where the ineffectiveness caused the plea to be entered involuntarily or unknowingly. *Commonwealth v. Lutz, supra; Commonwealth v. Klinger,* 323 Pa.Super. 181, 470 A.2d 540 (1983); *Commonwealth v. Edrington, supra.* This rule does not mean that counsel will be found ineffective and the plea overturned whenever it can be shown that the defendant was unfamiliar with some arguable point of criminal law. The waiver attending a plea of guilty sweeps away all nonjurisdictional defects and defenses; *Commonwealth v. Monaco,* 327 Pa.Super. 369, 475 A.2d 843 (1984); the defendant entering the plea may not then understand each and every foregone claim in the same clear light of hindsight by which he later comes to appreciate them. However, his subsequent decision to reassert a waived claim will be to no avail unless the voluntary nature of the plea is called in question. *Id.* Here the voluntariness of appellant's plea was decided against him in his 1976 appeal; he does not ask us to overturn our earlier decision. But even if appellant's allegations of ineffectiveness were cast in terms of a collateral attack on the plea, we would decline to dredge up and reconsider the plea's validity, because it is inconceivable to us that the style of signature on appellant's informations had anything to do with his decision to plead. *See Commonwealth v. Klinger, supra.* Notwithstanding the intervening legal developments which gave rise to appellant's claim, the law is now as it was when appellant pled guilty: an information rubber-stamped with a facsimile of the district attorney's signature has the same presumption of validity as a manually signed information. *Commonwealth v. Emanuel,* 501 Pa. 581, 462 A.2d 653 (1983).

*Second,* with regard to both the rubber stamp issue and the claim that the sentencing court failed to state reasons for the sentence, neither was a viable issue for an attorney

to raise at the time of appellant's conviction. The validity of rubber-stamped informations did not emerge as an issue in the law of Pennsylvania until the decision in *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981), *rev'd in Emanuel, supra.* The requirement that reasons for sentence be put on the record was not established until *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Appellant pled guilty in 1974. Thus, under no circumstances could appellant's counsel be labelled ineffective for failing to raise these issues. Counsel cannot be found ineffective for failing to predict future developments in the law. *Commonwealth v. Dunbar*, 503 Pa. 590, 470 A.2d 74 (1983); *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Bradley*, 332 Pa.Super. 99, 480 A.2d 1205 (1984); *see also Commonwealth v. Frankhouser*, 491 Pa. 171, 420 A.2d 396 (1980) (principle applied to *Riggins* claim); *Commonwealth v. Rivera*, 309 Pa.Super. 33, 454 A.2d 1067 (1982) (same); *Commonwealth v. Klinger, supra* (principle applied to rubber stamp claim); *Commonwealth v. Warren*, 307 Pa.Super. 221, 453 A.2d 5 (1982) (same). *Cf.* 19 P.S. § 1180–3(c)(12) (pertaining to raising of rights not recognized as existing at time of trial). Consequently, since there is no basis in law for a finding of ineffectiveness with regard to these two issues, ineffective assistance of counsel cannot provide the extraordinary circumstances that would justify their further litigation now.

*Third,* we turn to appellant's ineffectiveness allegations with respect to the claim that he was denied the right to speak at sentencing. Again the present attack on counsel is inadequate to resuscitate that claim. Appellant's bare assertion that his allocution rights were denied is made in the absence of any allegation of fact which, if proven, would entitle him to relief. *See* 19 P.S. § 1180–9. The claim that counsel were ineffective for not preserving these rights is thus stated without supporting facts, and our courts will not consider ineffectiveness claims in the abstract. *Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208

(1983); *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981); *Commonwealth v. Brown,* 313 Pa.Super. 256, 459 A.2d 837 (1983) (en banc); *Commonwealth v. Cottman,* 327 Pa.Super. 453, 476 A.2d 40 (1984).

To state a valid claim for collateral relief for a denial of allocution rights, a petitioner must show that he had something to say at sentencing that likely would have had a favorable impact on the sentence imposed. The applicable law is set forth in *Commonwealth v. Barton,* 312 Pa.Super. 176, 182–83, 458 A.2d 571, 574–75 (1983):

> A bare denial of the right to allocution, without evidence that appellant had something to say, will not require the vacation of an otherwise proper sentence. That which he wished to say, moreover, must be such as would likely have influenced the sentence imposed. To require a vacating of the sentence and a subsequent re-sentencing, appellant will have to show that the sentencing judge was either misinformed or uninformed regarding one or more relevant circumstances. The sentence need not be vacated in order to provide appellant an opportunity to speak if he has nothing significant to say. *Commonwealth v. Rivera,* [309] Pa.Super. [33], [39], 454 A.2d 1067, 1070 (1982).

The right to allocution is neither constitutional nor jurisdictional. The failure to ask a defendant if he has anything to say before sentence is imposed is not a fundamental defect inconsistent with rudimentary requirements of due process or an error inherently resulting in a miscarriage of justice. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962). Thus, as the Supreme Court held in *Hill,* collateral relief is not available when a petitioner shows merely a formal failure to comply with a rule requiring the court to invite a defendant to speak before sentence is imposed.

The right of allocution in Pennsylvania is also based upon procedural rule. *See:* Pa.R.Crim.P. 1405(a). A mere failure to comply formally with the mandate of Rule 1405(a), which requires the court to invite a defendant to

speak, does not destroy the validity of an otherwise legal sentence and render it susceptible to collateral attack. *Hill v. United States, supra.*

*Accord, Commonwealth v. Bell,* 328 Pa.Super. 35, 476 A.2d 439 (1984); *Commonwealth v. Klinger, supra.* Appellant has never alleged that he had anything, let alone anything significant, to say. at sentencing; he has thus failed to provide any factual predicate for the claim that his allocution rights were denied. *See Commonwealth v. Lowry,* 260 Pa.Super. 454, 394 A.2d 1015 (1978) (Opinion by Hester, J.); *see also Commonwealth v. Miller,* 293 Pa.Super. 281, 438 A.2d 995 (1981). As the underlying claim is stated in a factual vacuum, mere allegations that counsel were ineffective for failing to preserve the issue are insufficient to warrant further proceedings under the PCHA. *See Commonwealth v. Pettus, supra; Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984) (evidentiary hearing on ineffectiveness claims not warranted where appellant failed to state factual predicate for relief); *cf. Commonwealth v. Cottman, supra.* We disapprove *Commonwealth v. Curry,* 318 Pa.Super. 490, 465 A.2d 660 (1983); *Commonwealth v. Bennett,* 316 Pa.Super. 20, 462 A.2d 772 (1983); and *Commonwealth v. Johnson,* 282 Pa.Super. 21, 422 A.2d 655 (1980), to the extent they would allow counsel to be found ineffective for failing to preserve allocution rights where no factual basis for the allocution claim is offered.[3]

---

**3.** There are admittedly conflicting lines of authority on the allocution issue, and the Judges for reversal differ with us on which line should be followed. From a practical standpoint, however, we submit that it would be pointless in the extreme to vacate appellant's sentence so that the sentencing court could have the benefit of appellant's as-yet undisclosed allocution. We also submit that as a practical matter it is far more reasonable to follow those cases which require a petitioner to state to the PCHA and appellate courts what he would have said at sentencing. Ordinarily, a petitioner has had a considerable amount of time to think between sentencing and appeal. If even after that time he still cannot formulate for the reviewing court what of significance he wished to say at sentencing, it will undoubtedly be a futile, uneconomical, and wasteful judicial exercise, as well as a hollow gesture of relief for the appellant, to remand for resentencing so that he may address the sentencing court. This Court should not so exalt

A petitioner seeking a hearing under the PCHA must set forth and offer to prove *facts* which, if proven, would entitle him to relief. 19 P.S. §§ 1180–5, –9; *see also Pettus; Clemmons, supra.* We have determined that, despite his allegations that his prior counsel were ineffective, appellant has not offered to prove facts sufficient to rebut waiver of his underlying issues. *See* 19 P.S. § 1180–3(d). Therefore, the PCHA court exercised its discretion properly in refusing to grant a hearing on the claims raised in appellant's second PCHA petition. *See Commonwealth v. Jones,* 301 Pa.Super. 364, 447 A.2d 1009 (1982) (Opinion by Wickersham, J.).

We next consider the PCHA court's failure to appoint counsel to represent appellant on his second petition under the PCHA. Counsel must be appointed to assist a petitioner in PCHA proceedings unless he has had a previous, counselled petition involving the same issue or issues. Pa. R.Crim.P. 1504. *See Commonwealth v. Garrison,* 303 Pa. Super. 555, 450 A.2d 65 (1982). Since appellant's second, current PCHA petition raised issues that he had not raised before, the PCHA court erred in not appointing counsel to assist him.

That is not the end of our inquiry, however, for we further find that the court's error in failing to appoint counsel has been remedied and rendered harmless by the appointment of appellate counsel, making a remand for appointment of counsel at this stage unnecessary. Appellant had the opportunity in his second PCHA petition to raise the issues that he thought entitled him to relief. Neither in that petition nor in this Court has he placed any facts in dispute; instead, his claims are based purely on the

the abstract right to allocution that we lose sight of its procedural purpose in the criminal justice system—that is, to permit a realistic opportunity for the defendant to attempt personally to influence the deliberations of the sentencing judge. As important as the right to allocution is, it is not absolute, and may be waived or abandoned not only at the time of sentencing, but also thereafter if the defendant demonstrates that he really had nothing to say anyway. Appellant has now had ten years to think since he was sentenced. If there is still a serious question whether he actually had anything to say at sentencing, we are certainly not asking too much by demanding that he tell us what it was.

legal premise that past counsel were ineffective. Though he is now represented by counsel, appellant has failed to breathe legal merit or factual content into his claims. Under the circumstances, it would be a futile act and a waste of judicial resources and time to remand for appointment of yet another counsel. *Cf. Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969) (Supreme Court would not remand for appointment of PCHA counsel where all issues cognizable on appeal from guilty plea had been finally litigated); *cf. also Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983) (Court would not follow rule requiring remand for filing of attorney's withdrawal brief setting forth claims of arguable merit where appellant's pro se brief adequately presented claims); *Commonwealth v. Bossick*, 305 Pa.Super. 196, 451 A.2d 489 (1982) (Superior Court would not remand for appointment of new counsel where trial counsel argued his own ineffectiveness on appeal, but ineffectiveness claim lacked arguable merit).

Our distinguished President Judge is of the view that we must remand for appointment of counsel because we cannot know that no issues remain in the record until we are assured that counsel at the hearing level has reviewed the entire record. We cannot accept this view because it assumes too little about prior counsel's representation, and expects too much of counsel that would be appointed.

It assumes that appellant's prior counsel, as well as counsel on this appeal, have not reviewed the record diligently and presented to the courts all arguments of colorable merit that are there. Such an assumption is in direct conflict with the rule that counsel is presumed to be effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Floyd; Commonwealth v. Clemmons;* and *Commonwealth v. Dunbar, supra; Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Norris*, 305 Pa.Super. 206, 451 A.2d 494 (1982). Of course, the presumption of counsel's effectiveness is a rebuttable one, and counsel have been proven ineffective in the past. But there is no basis for us to

speculate on this appeal that there may be undiscovered instances of ineffectiveness upon which appellant could obtain relief, especially without an appropriate offer on appellant's part to show that such instances exist.

It is also questionable whether a remand for appointment of counsel at this juncture would really provide the kind of assurance the President Judge expects. Surely our experience as an appellate tribunal teaches us that the fact that PCHA counsel has been appointed at the hearing court level provides very little assurance that no issues remain in the record. Even a long succession of attorneys having worked on a case does not necessarily preclude the next attorney from discovering "issues" that have not been explored before. Our concern should be not to see that every conceivable issue has been raised under the customary ineffectiveness of counsel rubric; rather, we should be satisfied once we can conclude that prior counsel effectively and competently stewarded his client's case. As our colleague Judge Richard B. Wickersham said in dissent in *Commonwealth v. Bey*, 284 Pa.Super. 210, 217 n. 1, 425 A.2d 777, 781 n. 1 (1981), "If we insist that the object of review is to eliminate the possibility of mistake, we condemn ourselves to endless litigation that can never produce finality of judgment."

In our search for perfect justice, we have been too willing to leave criminal judgments open to repeated collateral attacks, and for too long have ignored the principle that criminal litigation, like any other litigation, must some day come to an end. *See Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1973). If criminal judgments are to command the respect due them, we must abide by the original spirit of the Post Conviction Hearing Act, and not be seduced by the ineffectiveness of counsel lore which presently obscures the true intendment of the Act. The Act is addressed exclusively to remedying "convictions obtained and sentences imposed without due process of law." 19 P.S. § 1180-2. As the eminent Justice Thomas W. Pomeroy, Jr., said in *Commonwealth v. Sullivan*, 472 Pa. 129,

183, 371 A.2d 468, 494 (1977) (Concurring and Dissenting Opinion joined by O'Brien, J.), "[The] Act was designed to allow a defendant to assert after trial and conviction the existence of some *egregious fault or flaw in the prior proceedings which denied him the benefits of a fair trial and thus deprived him of due process of law or equal protection of the laws or both."* (Emphasis added). Early in the Act's existence our Supreme Court repeatedly held that only denials of constitutional rights were cognizable in proceedings under the Act. *Commonwealth v. Schmidt,* 452 Pa. 185, 299 A.2d 254 (1973); *Commonwealth v. Gwyn,* 449 Pa. 131, 295 A.2d 73 (1972); *Commonwealth v. Smulek,* 446 Pa. 277, 284 A.2d 763 (1971); *Commonwealth v. Lowery,* 438 Pa. 89, 263 A.2d 332 (1970); *Commonwealth v. Musser,* 437 Pa. 131, 262 A.2d 678 (1970). *See* 19 P.S. § 1180-3(c). These holdings have never been repudiated by a majority of the Court, although members of the Court have since divided over whether the Act extends its protection beyond constitutional claims. *See Commonwealth v. Betrand,* 484 Pa. 511, 399 A.2d 682 (1979); *Commonwealth v. Rightnour,* 469 Pa. 107, 364 A.2d 927 (1976); *see also Commonwealth v. James,* 493 Pa. 545, 427 A.2d 148 (1981) (Opinion in Support of Remand by O'Brien, J.); *but see Commonwealth v. Zillgit,* 489 Pa. 189, 195 n. 9, 413 A.2d 1078, 1081 n. 9 (1980) (dictum) (majority of Court cited constitutional error threshold under PCHA with approval); *cf. Commonwealth v. Dunbar, supra,* 503 Pa. at 601 n. 6, 470 A.2d at 79 n. 6 (Court declined invitation to address question).

Another relevant rule limiting the availability of relief under the Act is that a person is entitled to only one PCHA petition. 19 P.S. § 1180-5(b). *See also Commonwealth v. Sisak,* 249 Pa.Super. 159, 375 A.2d 808 (1977). A second or subsequent PCHA petition is the exception, and should be allowed only under extraordinary circumstances. *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981) (Opinion by Larsen, J.); *Commonwealth v. Jones,* 301 Pa. Super. 364, 447 A.2d 1009 (1982).

The principle of judgment finality is stultified and defeated if every prisoner thinks that bald allegations of counsel's ineffectiveness will automatically open a sentence to repeated collateral attacks under the PCHA. It is high time we stated that not every allegation of ineffective assistance of counsel is of constitutional dimension, or constitutive of the type of truly extraordinary circumstances that justify relitigation of final judgments of sentence. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (whether defendant received effective assistance of counsel directly dependent on whether he received fair trial consistent with procedural guarantees of sixth amendment to the United States Constitution); *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983) (defense counsel's failure to object to Commonwealth petition for extension of time under Pa.R.Crim.P. 1100 will not result in discharge unless defendant has been deprived of his underlying *constitutional* right to a speedy trial) (dictum); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983) (counsel's inadequacy for failure to press for change of venue did not warrant new trial absent prejudice to defendant's fair trial rights); *see also Commonwealth v. Lutz, supra; Commonwealth v. Alexander, supra; Commonwealth v. Silvis,* 307 Pa.Super. 75, 77, 452 A.2d 1045, 1046 (1982) ("Attacks on counsel may not be used to circumvent the consequences of failing to preserve issues for appeal."). As a matter of routine, PCHA petitioners charge every counsel who has represented them to date with ineffectiveness; surely this mere device of pleading should not cause us to say that all their cases involve "extraordinary circumstances." *See Commonwealth v. Klinger, supra* (attacks on effectiveness of three prior counsel did not state claim amounting to extraordinary circumstances).

In the present case, appellant took advantage of Post Conviction Hearing Act procedures in December of 1974, when he filed his first petition for post-conviction relief and pursued his claims in an unsuccessful appeal to this Court. Not until September of 1981, seven years after he was

sentenced, did appellant file his second PCHA petition attacking the criminal informations preferring charges against him, and the proceeding at which sentence was passed. A lapse of time in filing a PCHA petition is a factor in assessing its merit. *Commonwealth v. Courts,* 315 Pa.Super. 108, 461 A.2d 820 (1983); *Commonwealth v. Courts,* 315 Pa.Super. 124, 461 A.2d 828 (1983); *Commonwealth v. Strickland,* 306 Pa.Super. 516, 452 A.2d 844 (1982). Even at this late date, represented by his third attorney in the case, appellant has failed to present any- thing beyond claims of "ineffective assistance of counsel in the abstract."

This case is like *Commonwealth v. Lowenberg,* 493 Pa. 232, 425 A.2d 1100 (1981) in that "Appellant's P.C.H.A. petitions assert, in an ineffectiveness context, underlying claims of error which are not of such an *exceptional nature* as to warrant an opportunity for consideration beyond an initial P.C.H.A. proceeding." 493 Pa. at 236, 425 A.2d at 1102 (Opinion in Support of Affirmance by Flaherty, J.). At no point in these PCHA proceedings has Mr. Brown alleged any taint in the truth-determining process by which he was adjudged guilty of armed robbery. *See id.; Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980) (Opinion by Flaherty, J.). Instead, Mr. Brown has offered us three stale procedural claims, two of which were not yet recognized as grounds for relief when he first stood at the bar of justice, the other of which is devoid of any factual content.

Prisoners who are in fact guilty of the crimes of which they stand convicted must learn to accept the consequences of their guilt; we should not encourage them to relentlessly scour the prison law library in search of new rules and holdings with which to bombard the courts.

We would affirm the order of the PCHA court denying relief.

BECK and HESTER, JJ., join in this opinion.